Appellant was convicted of robbery. The trial judge fixed punishment at twenty-five years imprisonment in the penitentiary.
The term of punishment was authorized by § 13-3-110, Code of Ala. 1975, which reads:
 "Any person who is convicted of robbery shall be punished by imprisonment in the penitentiary for not less than 10 years, or as otherwise specified by law."
The court, not the jury, was mandated to fix the term of service in the penitentiary. Section 15-18-20, Code of Ala. 1975. We quote this section:
 "When an offense is punishable by imprisonment in the penitentiary or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury."
Appellant asserts in his motion for a new trial as follows:
"1. The verdict of the jury was contrary to law.
* * * * * *
 "6. An error of law occurred at trial when Defendant's punishment was fixed by the Court rather than by the jury."
Ground 1, supra, fails to point out specifically wherein the verdict of the jury was contrary to law. Such specifications are mandated by the Alabama Supreme Court in Little v. Peevy,238 Ala. 106, 189 So. 720 (12).
Appellant's contention here is that the statute, supra, due to an absence of a maximum annual time limit of imprisonment, violates the "cruel and unusual" punishment provision of the Eighth Amendment to the Constitution of the United States.
We hold that this contention of such constitutional violation is without merit. The provisions against cruel and unusual punishment have no application in the instant case.
This court held in Messelt v. State, Ala. Cr.App.,351 So.2d 636 (7-9), as follows:
 ". . . Where the punishment prescribed by the Legislature is severe merely by reason of its extent, as distinguished from its nature, there is no collision with the Eighth Amendment. Cabble v. State, 347 So.2d 546, (Ala.Cr.App.); Smith v. United States, 273 F.2d 462, 467-468 (10th Cir.); 24B C.J.S. Criminal Law § 1984."
We see no violation of the Fourteenth Amendment to the United States Constitution as appellant also asserts. The defendant was fairly tried. The punishment *Page 381 
imposed was within the limits fixed by law. The spread between the minimum term of ten years and the maximum of life imprisonment ( § 15-18-23, Code of Ala. 1975) gives the trial court an opportunity to fix appropriate punishment relevant to the character of the offense and defendant's prior record; and also to deter other like offense. Such punishment is not discrimination nor violative of due process.
Appellant in his brief says that there are no guidelines or limitations to be followed in determining whether a convicted robber will be sentenced to twenty-five years or even life. He says that such fixation may be overturned upon abuse of discretion, but he adds that there are no guidelines which may be followed in determining abuse of discretion.
Our answer in the instant case is that the punishment was addressed to the good judgment and common sense of the trial judge. We will not disturb his judgment because we think he acted with prudence and was free of any abuse of discretion. It is true that in making this judgment, we too have no guidelines to follow except our judicial sense of fairness. The administration of justice is the product of human equation.
We note in appellant's brief the following:
 ". . . We submit that when punishment for an offense may be life imprisonment the determination of the term of confinement is better placed within the discretion of the jury rather than to total discretion of one man motivated by human prejudices and social and political pressures. The foregoing is clearly substantiated by the statement of the trial judge at the close of this case. The trial judge had this to say:
 "`. . . This business of these robberies of these stores has gotten to be almost a nightly occurrence, and I'm not blaming Mr. Trone for that fact, but something has to be done. The only way I know to do is to mete out a sufficient punishment . . . we have\ to impose a stiff sentence; otherwise we will be in a state of anarchy. Practically every night we have an armed robbery in this town. . . .'"
It appears that the court in fixing punishment was motivated by a desire to protect the public against robberies and to deter such criminal activities.
To say that fixation of punishment would be better if placed within the discretion of a jury rather than one man is pure speculation and devoid of factual basis. Punishment in federal criminal violations is placed almost exclusively in the hands of the judges — not the juries.
As stated above, we fail to see that appellant's rights under the Fourteenth Amendment to the United States Constitution have been violated. As we read the record, the punishment was fair and timely administered.
The judgment is therefore affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a Retired Circuit Judge, serving as a judge of this court under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.