500 So.2d 69 (1986)
Gregory Lewis JOHNSON
v.
STATE.
3 Div. 134.
Court of Criminal Appeals of Alabama.
February 25, 1986.
Rehearing Denied July 15, 1986.
Certiorari Denied December 5, 1986.
*70 Bradley E. Byrne, Sr., of Garrett, Thompson & Hines, Atmore, and William Roy Stokes, of Stokes, Jernigan & Stokes, Brewton, for appellant.
Charles A. Graddick, Atty. Gen., and Cecil G. Brendle, Jr., Asst. Atty. Gen., for appellee.
Alabama Supreme Court 85-1286.
TAYLOR, Judge.
Gregory Lewis Johnson institutes a joint appeal from his convictions in two separate criminal prosecutions. On October 8,1984, the appellant entered a plea of guilty to charges of receiving stolen property (2nd degree), theft of property (2nd degree) (two counts), forgery (2nd degree), and criminal possession of a forged instrument (2nd degree). He was later sentenced to fifteen years' imprisonment on each count, with the sentences to be served concurrently. Also on October 8, 1984, the appellant was tried and found guilty of burglary (1st degree) and assault (1st degree). He was sentenced under the Habitual Felony Offender *71 Act to life imprisonment without parole. Five issues are raised on appeal.

I
The appellant's first contention is that the trial court erred to reversal in denying his motion for continuance. The record indicates that on September 27, 1984, the appellant's trial attorney filed a motion for continuance in both of the cases here under review, alleging that he was not adequately prepared to defend the appellant due to the fact that he had several other cases set for trial at approximately the same time. The motion was denied. On October 8, 1984, defense counsel filed another motion, entitled "Motion to reconsider Defendant's Motion for Continuance," in which he argued, among other things, that due to the multitude of charges pending against the defendant and the complexity of each, he lacked sufficient time to prepare for trial. Counsel also argued that the trial should be postponed because several defense witnesses would be absent from the jurisdiction on the scheduled trial date. This motion was also denied.

A
"It is fundamental that counsel must be given adequate time for preparation." Simpson v. State, 465 So.2d 472, 474 (Ala. Cr.App.1984).
"Whether time allowed counsel ... for preparation for trial is sufficient depends upon the nature of the charge, the issues presented, counsel's familiarity with the applicable law and pertinent facts, and the availability of material witnesses." Burton v. State, 43 Ala.App. 249, 187 So.2d 808 (1966).
The number of counts pending against a defendant, as well as the complexity of the case, are certainly factors which may be considered by the trial court in determining whether to grant a defendant's request for a continuance. It is equally well settled, however, that a motion for continuance due to lack of time for adequate preparation is a matter entirely and exclusively within the sound discretion of the trial court and its ruling will not be reversed on appeal absent a plain and palpable showing of abuse. Dawkins v. State, 455 So.2d 220 (Ala.Cr. App.1984). The record indicates that in this case, the appellant's trial attorney had over two months to prepare for trial. This court has previously held 24 hours' preparation to be sufficient. Gosha v. State, 442 So.2d 138 (Ala.Cr.App.1983). See also, Nance v. State, 416 So.2d 437 (Ala.Cr.App. 1982) (two and one-half weeks' preparation held sufficient); Murphy v. State, 399 So.2d 340 (Ala.Cr.App.1981), cert. denied, 399 So.2d 347 (Ala.1981) (two days held sufficient). We have also held, however, that as much as three weeks' time for preparation was not sufficient. Owens v. State, 460 So.2d 305 (Ala.Cr.App.1984). What constitutes a sufficient amount of time for adequate preparation of a defense is a subjective, as well as an objective, consideration. We must give the trial court's decision deference. The judge was there; we were not. The trial court in this case did not abuse its discretion in denying appellant's motion for continuance.

B
The absence of a material witness is a factor to be considered in deciding whether a continuance should be granted. Godfrey v. State, 383 So.2d 575 (Ala.Cr.App.1980), cert. denied, 383 So.2d 579 (Ala.Cr.App. 1980), cert. denied, 449 U.S. 903, 101 S.Ct. 276, 66 L.Ed.2d 134 (1980). But as we noted previously, the decision as to whether a continuance should be granted is within the sound discretion of the trial judge and his ruling will be reversed only where there is a showing of plain and palpable abuse of discretion. Pritchett v. State, 445 So.2d 984 (Ala.Cr.App.1984). Denial of a continuance can never be an abuse of discretion in the absence of a showing as to what the witness would testify to. Fields v. State, 424 So.2d 697, 699 (Ala.Cr.App. 1982). We find no abuse of discretion. It is a rare criminal trial in which there is no request for continuance and not at least one unavailable witness for one side or the other.

*72 II
As an additional claim of error, the appellant argues that the state failed to make out a prima facie case of assault in the first degree because it did not present sufficient evidence that the victim sustained a "serious physical injury." § 13A-6-20(a)(1), Code of Alabama 1975. The sufficiency of the evidence is subject to appellate review only where the defendant challenges the state's lack of evidence by either a motion to exclude, a motion for judgment of acquittal, or a motion for new trial. Slaughter v. State, 424 So.2d 1365 (Ala.Cr.App. 1982). In the present case, the appellant failed to make either a motion to exclude state's evidence or a motion for judgment of acquittal. The record does indicate that at the close of the state's case in chief, the appellant moved for a directed verdict of acquittal on the ground that there was "no evidence submitted in court that the [appellant's] entry into the apartment was for theft of property." However, this court held in McKennie v. State, 439 So.2d 706 (Ala.Cr.App.1982), rev'd on other grounds, 439 So.2d 713 (Ala.1983), that a motion for a directed verdict of acquittal does not preserve for review the question of the sufficiency of the evidence. Under Rule 12, Alabama Temporary Rules of Criminal Procedure, the motion for directed verdict, the motion for affirmative charge, and the demurrer to the evidence have been abolished. They are subsumed and replaced by the motion for judgment of acquittal. Comment, Rule 12, Alabama Temporary Rules of Criminal Procedure. Interpreting appellant's motion for directed verdict as one for a judgment of acquittal, we are still obliged to hold that the sufficiency issue here in question was not properly preserved. The appellant argues on appeal that the state failed to make out a prima facie case of assault in the first degree because there was no evidence that the victim sustained "serious physical injury" as required by § 13A-6-20(a)(1), Code of Alabama 1975. In his motion for directed verdict, however, defense counsel argued only that the state failed to make out a prima facie case of burglary because no evidence was presented that the appellant entered the victim's apartment "with intent to commit theft." The primary purpose of objections is not to "preserve error" for appellate review. Their primary purpose is to give the trial court an opportunity to correct that which might otherwise have been error. A defendant is bound by the grounds specified in his objection. Bolding v. State, 428 So.2d 187 (Ala.Cr.App. 1983). A challenge to the sufficiency of the evidence on the burglary count does not preserve for appellate review the question of whether sufficient evidence was presented by the state to make out a prima facie case of assault. The issue was never presented to the trial court.
The appellant did not adequately raise the question of the sufficiency of the state's evidence in his motion for new trial. In his motion, the appellant merely stated that a new trial was required "because the verdict is contrary to evidence and without evidence to support it." This is a "scatter-gun" approach. It does not squarely present to the trial court the issue of the sufficiency of the evidence; consequently, it is insufficient to preserve the issue for appellate review. Trone v. State, 366 So.2d 379 (Ala.Cr.App.1979). A defendant's motion for new trial, in which he asserts that the state failed to present sufficient evidence to sustain the verdict, is required to specifically point out wherein the evidence is contended to be deficient. Trone v. State, 366 So.2d at 380; Little v. Peevy, 238 Ala. 106, 189 So. 720 (1939).
"The obvious purpose of a motion for a new trial is to accord the trial judge a fair opportunity to consider and correct, if necessary, any erroneous rulings and to acquaint him with the specific objection to those rulings. It is equally obvious that attention should be drawn specifically to the alleged objectionable rulings." Perry v. People, 116 Colo. 440, 181 P.2d 439, 440-41 (1947).
Since the appellant's motion for new trial lacked the degree of specificity that is required, nothing is presented for our review.

*73 III
Under the terms of a pretrial discovery order, the state was required to provide the appellant with a copy of the written statements of any person the state expected to call as a witness. During defense counsel's cross-examination of the victim, the following occurred:
"Q. Miss McClellan, did you give a statement to the police as to what happened in your apartment?
"A. Yes.
"Q. Did you sign that statement?
"A. Yes.
"MR. IRBY: Your, Honor, I move to have a copy of that statement. I filed a general motion for discovery and I would like a copy of the statement that was given by her.
"MR. HART: Judge, we provided copies of any statements we were required to and we haven't offered this in evidence.
"....
"MR. HART: Judge, I am having her to check. As far as I know, we complied with all discovery motions but I will find out right now what we sent down there.
"(Mr. Hart left the courtroom briefly and then returned.)
"MR. HART: Judge, we don't have any statement and, besides, whatever discovery reply [sic] we said you could get with Officer Gibbs. We gave him a date and time. We don't have any statement.
"MR. IRBY: Judge, this witness has taken the witness stand. She has stated on the witness stand she gave a statement. Officer Gibbs is an agent or employee and is subject to the jurisdiction of the District Attorney's Office. We have a right to the copy of that statement given by this witness.
"MR. HART: We don't have a statement.
"MR. IRBY: She said she gave one.
"MR. HART: We don't have a written statement from her. I just asked the officer and, besides, in that discovery order we indicated he could go to see Mr. Gibbs, the investigator at Atmore, at any time he wanted to in that order and he had ample opportunity to do that. I just asked the officer and no statement [was] given.
"....
"MR. IRBY: Judge, I would renew my motion for a mistrial then because the complainant, the lady in the case, gave the statement and signed it to an agent or employee of the State of Alabama which is under the jurisdiction of the District Attorney's office. They have an obligation to retain those statements and present them when they are requested. They were requested. She testified she signed it and she presented it to the police officer. This man is on trial for a burglary and assault. He has filed a motion. He has a right to review those and see if there is anything exculpatory in those statements and we at this time move for a mistrial.
"MR. HART: Judge, I also want to put this into the record: Mr. Irby was served with a reply from the District Attorney's office on October 2, 1984, and we stated, "Enclosed is a copy of the lab report," which he says he has. We further stated that any documents as far as investigative reports or statements, etc., were in the custody of the Atmore Police Department and custody of Larry Gibbs and that he could be contacted at any time between 8:00 and 4:00 p.m. each day concerning any statements or any other forms of evidence.
"We made everything we got available to him. He didn't afford himself of the opportunity to go to the Police Department and check these things out; that is his problem."
The trial judge thereafter denied appellant's motion for mistrial. During the state's redirect examination of the victim, the following occurred:
"Q. Do you know what you signed for certain?"

*74 "[objection made by defendant]
"A. I am scared it was something about the hospital room.
"MR. IRBY: He is leading the witness.
"THE COURT: Don't lead her.
"Q. Do you know positively what you signed that night when you went in the hospital?
"A. No, I just remember leaning up and signing a clipboard upside down.
"Q. You didn't read the statement or anything, did you?
"A. No, I was asking for some help.
"Q. You don't know exactly what you signed?
"A. No."
The appellant contends that the trial court committed reversible error in denying his motion for mistrial.
"Whether or not to grant a mistrial is a matter within the sound discretion of the trial court. Walker v. State, 416 So.2d 1083 (Ala.Crim.App.1982); Wood v. State, 416 So.2d 794 (Ala.Crim.App.1982); Bowman v. State, 401 So.2d 333 (Ala. Crim.App.1981); Edgeworth v. State, 304 So.2d 911, 54 Ala.App. 93 (Ala.Crim.App. 1974). A trial court will not be reversed for denying a motion for mistrial unless a clear abuse of discretion is shown." Davis v. State, 457 So.2d 992, 994 (Ala. Cr.App.1984).
Given the uncertainty as to whether the victim actually made a written statement to the police, we find no abuse of the trial court's discretion in denying the appellant's motion for mistrial. Moreover, the record indicates that even if such a statement existed, it appears to have been agreed that the appellant was responsible for procuring the statement from the police. There is no evidence that appellant made such an attempt. We find that the appellant was afforded a fair and impartial trial in compliance with the requirements of due process and that no prejudicial error resulted from the trial court's denial of his motion. If the order requiring the statements to be turned over had not been modified by agreement, however, a failure by the state to comply with the court's order would present a clear case entitling the appellant to relief.

IV
The appellant also contends that the trial court erred in sentencing him as a habitual offender. Before his sentence hearing the state submitted certified minute entries which noted the appellant's convictions in four prior felony cases. Appellant Johnson asserts that these four prior felony convictions cannot be used to enhance his punishment under the Habitual Felony Offender Act because the minute entries do not affirmatively show that he was informed in the four prior felony trials of his right to apply for youthful offender status. At the time of his prior convictions, the appellant was under the age of 21 and he was therefore eligible for special treatment under the Youthful Offender Act. § 15-19-1, Code of Alabama 1975. It is well settled law that the trial court has a duty to apprise a youthful offender of the benefits of the Youthful Offender Act. Robinson v. State, 429 So.2d 682 (Ala.Cr.App.1983). Furthermore, the failure of the record to affirmatively disclose that the accused was advised of these rights constitutes grounds for reversal. However, no question is raised concerning the failure of the trial court to comply with the requirements of the Youthful Offender Act in this case. The issue presented here is whether the minute entries used to establish the appellant's four prior felony convictions must affirmatively disclose that the appellant was advised in the four prior felony cases of his rights under the Act.
The Habitual Felony Offender Act does not require that such a fact affirmatively appear in the record. § 13A-5-9, Code of Alabama 1975. The United States Supreme Court has, however, held that, where implicitly required by the Federal Constitution, certain matters must affirmatively appear in the record before a prior conviction can be used to enhance a defendant's punishment. In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Supreme Court held that a prior *75 conviction may not be used to enhance punishment unless it is affirmatively shown that the defendant was either represented by counsel at the time of the prior conviction or that he knowingly waived counsel. The court implied such a requirement to insure that a defendant's sixth amendment right of counsel is preserved. However, the court emphasized that where no federal constitutional right is involved, the states are free to provide whatever procedures they may choose. Burgett, 389 U.S. at 113-14, 88 S.Ct. at 260-61. Since the federal constitution does not provide for special treatment of youthful offenders, there is no implicit constitutional requirement that the state affirmatively establish that the appellant was advised of his rights under the Youthful Offender Act in his four prior felony cases. State law therefore controls.
In Tate v. State, 435 So.2d 190 (Ala. Cr.App.1983), this court held that by introducing into evidence a certified copy of a court's minute entries, which note the accused's prior felony convictions, the state meets its burden of proof and a presumption arises that the prior convictions were proper. "If such former conviction, for any reason was void or insufficient to justify the enhancement of punishment provided for in the [Habitual Felony Offender] statute, the burden would be on the accused to present evidence of such matters." Napier v. State, 344 So.2d 1235 (Ala.Cr. App.1977), cert. denied, 344 So.2d 1239 (Ala.1977). Appellant Johnson failed to establish that he was not advised of his youthful offender rights at his previous trials. Even if the appellant had proven that the four prior felony convictions were invalid, his habitual offender sentence of life imprisonment without parole was nevertheless proper in light of his five felony convictions that resulted from his October 8, 1984, guilty pleas. See, § 13A-7-5(b), Code of Alabama 1975 ("burglary in the first degree is a class A felony"), and § 13A-5-9(c)(3), Code of Alabama 1975 (a defendant having three prior felony convictions must be punished by imprisonment for life without parole on conviction of a class A felony). A sentencing hearing in which prior felonies are proved is not to be used as a coram nobis or habeas corpus hearing to test the propriety of prior felony convictions. The orderly procedures to collaterally attack the validity of prior convictions are provided for in the rules controlling petitions for writs of error coram nobis and writs of habeas corpus. A sentencing court should not be, and is not, required to go into such issues regarding prior convictions relied on by the state to enhance punishment.

V
The appellant also contends that the state's use of hypnosis to strengthen the victim's recollection of her assailant was so impermissibly suggestive as to create a substantial risk of misidentification. Although the use of hypnosis to refresh the victim's memory might have been suggestive, we do not believe that it was so unduly suggestive as to create a substantial likelihood of misidentification. Even where a pretrial identification procedure is suggestive, a victim's in-court identification is properly allowed where it is established that the in-court identification stems from an independent source. Anderson v. State, 443 So.2d 1364 (Ala.Cr.App.1983). The victim, Nancy McClellan, had an opportunity to view her assailant in a well lighted room and she stated at trial that there was no question in her mind that it was the appellant who had shot her. Furthermore, the record reveals that before hypnosis Miss McClellan provided the police with a good description of her attacker. These facts indicate that the victim's in-court identification resulted from her initial contact with the assailant rather than the later out-of-court identification. Jackson v. State, 414 So.2d 1014 (Ala.Cr.App.1982). We do not mean to say, however, that an identification after hypnosis would necessarily be inadmissible. Upon reviewing the totality of the circumstances, we are convinced that in this case there was no substantial likelihood of misidentification.
*76 For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.

ON REHEARING
TAYLOR, Judge.
Appellant petitions pro se for rehearing, alleging that we did not address the issues raised by his pro se brief filed in addition to the brief of his counsel. The appellant contends that he was denied effective assistance of counsel "due to the court's denial of motion for continuance." Counsel listed as grounds for the motion for continuance, his lack of preparation and investigation of the offenses charged, and failure to adequately prepare a defense. The argument on this issue is simply a collection of conclusory statements with no facts alleged in support thereof.
The other allegations of the pro se brief of appellant have been considered by us, but we find them to be without merit.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.