Willie J. Washington was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant "guilty of the lesser included offense of manslaughter as contained in the indictment," *Page 348 
and the trial court sentenced him to 10 years in the State penitentiary. The Court also ordered him to pay a $5,000 fine.
On the evening of November 15, 1987, the appellant was visiting his nieces at 1910 Carpet Street in Prichard, Alabama. The appellant was called outside by Jessie Lorenzo Jones. Shortly thereafter, an argument ensued between Jones and the appellant on the porch. Both Jones and the appellant had been drinking. The appellant testified that Jones threatened to shoot him, so the appellant went to his car to leave.
Derrick Cotton and Joseph Grisby testified that they heard the argument between Jones and the appellant. There was testimony that, as the appellant got into his car, Jones stood in the car door facing the appellant. Jones then started to leave and then asked the appellant for a cigarette. The appellant responded that he did not have a cigarette. The appellant then reached down in the car, got a gun and shot Jones. Jones ran across the street and fell in the front yard of his girl friend. Grisby testified that after the shooting the appellant said, "You better run." Both witnesses testified that Jones did not have a weapon in his hand at the time of the shooting.
The appellant testified that, when he opened his car door, Jones came around the vehicle and grabbed the car door, not allowing the door to close. Jones then reached behind him and the appellant shot him. On cross-examination, the appellant stated that he saw a gun in Jones' back pocket and thought that Jones was going to kill him.
Eddie Golf, a police officer with the Prichard Police Department, was the first officer on the scene. He found a black male lying in front of 1019 Carpet Street in Prichard, Alabama, with a gunshot wound to the chest. He and another officer secured the premises. The officer's search of the area did not produce any weapon or other physical evidence.
The appellant turned himself in to the Prichard Police Department on November 17, 1987.
Leroy Reddick, the State Medical Examiner, performed an autopsy and determined that Jones died as a result of the gunshot wound to the chest.
 I
The appellant challenges the sufficiency of the State's evidence to support a conviction for manslaughter. This court will not address the merits of this claim because it is not properly preserved for appellate review.
The sufficiency of the evidence is subject to appellate review only where the defendant challenges the State's lack of evidence by either a motion to exclude, a motion for judgment of acquittal, or a motion for new trial. Slaughter v. State,424 So.2d 1365 (Ala.Cr.App. 1982); see Johnson v. State,500 So.2d 69 (Ala.Cr.App. 1986). The appellant is bound by the specific objections that he made at trial and cannot raise a new ground on appeal. Bolding v. State, 428 So.2d 187
(Ala.Cr.App. 1983).
At the end of the State's case the appellant made a motion for judgment of acquittal on the charge of murder and the trial court denied his motion. The appellant in his motion stated: "Judge, I'll go ahead and make a motion for judgment of acquittal on the charge of murder. Based on the facts presented, it shows that, if anything, there may have been a manslaughter, not a murder in this instance."
The appellant's motion for judgment of acquittal for murder will not preserve for review the appellant's challenge to the sufficiency of the evidence for manslaughter. Where appellant specifically challenges the sufficiency of evidence of murder, and failed to object concerning manslaughter, he has waived this issue for review. See Smoot v. State, 520 So.2d 182
(Ala.Cr.App. 1987); Johnson, supra.
 II
The appellant contends that the trial court erred in admitting into evidence the bullet that was taken from the victim's body. The appellant objected at trial to the admission of this bullet, stating that the *Page 349 
State failed to establish a complete chain of custody.
Even if the State had not established a proper chain of custody, the admission of the bullet would result in harmless error. In this case the State presented two eyewitnesses that testified that they heard the appellant and Jones arguing and they saw the appellant shoot Jones. The appellant himself testified that he shot Jones. The admission of the bullet into evidence had no bearing on the outcome of this case.
Further, in light of the fact that the appellant's defense was self-defense, we find no evidence that the appellant was prejudiced by the admission of the bullet. "Where the defendant claims accident or self-defense the erroneous admission of the bullet allegedly taken from the body of the deceased is harmless error." Gwin v. State, 425 So.2d 500, 508 (Ala.Cr.App. 1982), cert. quashed, 425 So.2d 510 (Ala. 1983); Thomas v.State, 520 So.2d 223, 225 (Ala.Cr.App. 1987). Therefore, the admission of the bullet into evidence did not prejudice the appellant and thus was harmless error.
 III
The appellant's final contention is that the prosecutor made improper remarks during closing arguments. During the prosecutor's closing argument the following occurred:
 "MR. JACKSON: Well, he's sitting here saying he saw a gun, but he didn't tell his lawyer that. He didn't say anything about that before noon today. He gets up there —
 "MR. CUNNINGHAM: Your Honor, I object. That's not the way the evidence was coming, whether he told me or not. That was answered by a question.
 "THE COURT: That's argument. And again, I'll tell you that if the attorneys' statements are not what the evidence was, disregard their statements."
 (R. 78.)
During cross-examination the appellant testified he saw that Jones had a gun. He did not mention this on direct examination because his attorney did not ask him about the gun. There was no testimony that the appellant did not discuss with his attorney the fact that Jones had a gun, nor was there testimony that the appellant did not mention this prior to trial.
Counsel is given substantial latitude in arguing reasonable conclusions from the evidence; however, counsel is limited to only those facts which are supported by evidence and presented at trial. Jones v. State, 456 So.2d 366 (Ala.Cr.App. 1983), affirmed 456 So.2d 380 (Ala. 1984); cert. denied 470 U.S. 1062,105 S.Ct. 1779, 84 L.Ed.2d 838 (1985). If counsel makes an argument not supported by the evidence, this error may be cured by a prompt instruction by the trial court to disregard. Allenv. State, 462 So.2d 1031 (Ala.Cr.App. 1984).
In Nix v. State, 370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979), the court stated: "Where the trial court immediately charges the jury to disregard the prosecutor's improper remarks, there is a prima facie presumption against error." See Allen, 462 So.2d at 1035. Such is the case here. The trial court's immediate instruction to the jury to disregard the argument made by the prosecutor rectified any prejudice to the appellant, which would have resulted. Kuczenska v. State, 378 So.2d 1182 (Ala.Crim.App. 1979), cert. denied 378 So.2d 1186 (Ala. 1980); Kendricks v.State, 378 So.2d 1203 (Ala.Crim.App. 1979).
This cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 350 
[EDITORS' NOTE: PAGE 350 CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 743