BROWN, Judge,
dissenting.
I must respectfully dissent from the majority opinion holding .that the appellant’s objection at trial was sufficient to preserve for appellate review the issue whether the materials he possessed violated the “live act” provision of § 13A-12-190(12), Code of Alabama 1975.
While the majority opinion justifies its bending of the Alabama Rules of Criminal Procedure by expressing a fear that “the scales of justice [will] rust and collect dust,” I believe that judicial restraint requires strict ádherence to the procedural rules by which this Court is bound.
Moreover,' I disagree with the statement and belief expressed in the majority opinion that to abide by long-established principles of preservation demonstrates a preoccupation with form over substance. “The primary purpose of objections is not to ‘preserve error’ for appellate review. Their primary purpose is to give the trial court an opportunity to correct that which might otherwise have been error.” Berrykill v. State, [Ms. CR-94-2039, April 18, 1997] — So.2d-(Ala. Cr.App.1997]- quoting Johnson v. State, 500 So.2d 69, 72 (Ala.Cr.App.1986). See also Ex parte Works, 640 So.2d 1056 (Ala.1994).
I would therefore refrain from reaching the merits of the appellant’s argument and would wait until the issue is properly presented for review, which has been the longstanding precedent of this Court.