777 So.2d 317 (2000)
Eric Dewayne THOMAS
v.
STATE.
CR-99-0715.
Court of Criminal Appeals of Alabama.
June 30, 2000.
Joseph D. Quinlivan, Jr., Mobile, for appellant.
Bill Pryor, atty. gen., and Frances R. Clement, asst. atty. gen., for appellee.
BASCHAB, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM. NO OPINION.
LONG, P.J., and McMILLAN and FRY, JJ., concur; COBB, J., concurs in the result, with opinion.
COBB, Judge, concurring in the result.
I concur in the majority's affirmance of this conviction. However, I must write separately because I believe the issue of the sufficiency of the evidence has been preserved for appellate review.
In order to preserve the question of the sufficiency of the evidence as an appellate issue, it is imperative for the question to first be raised and ruled upon in the trial court. Reed v. State, 717 So.2d 862, 864 (Ala.Crim.App.1997).
"To preserve the issue for appeal, it is necessary for defendant to state his grounds ...; however, it is not necessary to draw the trial court's attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case."
*318 Ex parte Maxwell, 439 So.2d 715, 717 (Ala. 1983).
"A specific objection is necessary because `the trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved.' Bland v. State, 395 So.2d 164, 168 (Ala.Crim.App.1981)."
Brannon v. State, 549 So.2d 532, 540 (Ala. Crim.App.1989).
In this case, the following discussion occurred at the end of the defense's presentation of evidence:
"THE COURT: Let the record show that at the close of the State's evidence the Defense had filed a motion for judgment as a matter of law, which the Court took under submission at that time and now denies that motion.
"MR. YAZDI [defense Counsel]: Your Honor, I repeat the same motion and ask you to order a judgment of acquittal for the reason that the evidence is insufficient to convict my client and the State did not prove beyond a reasonable doubt that he is guilty of any charge.
"THE COURT: All right, sir. That motion is denied."
(R. 114-15.)
The majority concludes that, because the defendant did not intone the mantra, "The State has failed to prove a prima facie case," the defendant's motion for a judgment of acquittal was not sufficient to preserve the issue for appellate review. I disagree. I see no appreciable difference between the words, "The State has failed to prove a prima facie case," and the defense counsel's words, "The evidence is insufficient to convict my client and the State did not prove beyond a reasonable doubt that he is guilty...." I believe that the motion for a judgment of acquittal set out sufficient grounds to allow the trial court to make an informed decision on the motion. That being the case, the language was sufficient to preserve the issue for appellate review.
"In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr. App.1984), aff'd, 471 So.2d 493 (Ala. 1985). Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to `clearly convince the reviewing court that it was wrong and unjust. Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985)."
Powe v. State, 597 So.2d 721, 724 (Ala. 1991).
Having reviewed the evidence, according the State all legitimate inferences therefrom, and considering all evidence in a light most favorable to the prosecution, as we must, I believe the trial judge correctly denied the appellant's motion for a judgment of acquittal. I therefore concur in the result reached by the majority.