The defendant Rosalyn McNish, her brother Demetrius McNish, and their mother Doris McNish were tried together on various theft and conspiracy charges for their alleged involvement in taking money from two residents of Pike County, a married couple who had won fourteen million dollars in a Florida lottery. A jury found Rosalyn guilty of two counts of first-degree theft of property and two counts of conspiracy to commit first-degree theft of property. The trial court sentenced Rosalyn to five years in prison for each conviction and ordered the sentences for the conspiracy convictions to run concurrently with the sentences for the theft convictions. Rosalyn appealed, and the Court of Criminal Appeals affirmed the judgment of the trial court in a seventeen-page opinion addressing all three defendants' claims. McNish v. State, [Ms. CR-98-0654, February 4, 2000] 878 So.2d 1189 (Ala.Crim.App. 2000). The Court of Criminal Appeals also overruled Rosalyn's application for rehearing. Rosalyn then petitioned this Court for a writ of certiorari, which we granted to analyze, among other issues, whether Rosalyn preserved for review her challenge to the sufficiency of the evidence to support her convictions.
At the close of the State's case, Rosalyn said: *Page 1200 
 "I make a motion for a judgment of acquittal on the grounds that the State has not proven the case beyond a reasonable doubt; and also the prosecution has not proven venue in this case. It did not prove that the alleged offenses took place in Pike County."
(R. 270-71.) (Emphasis added.) The trial court denied the motion. At the close of all the evidence, Rosalyn filed in open court a written motion for a judgment of acquittal stating, "as grounds for said motion would show unto the court the evidence is insufficient to support a finding ofguilt beyond a reasonable doubt to the charged offenses." (R. 279-80, C.R. 3302. (Emphasis added.) The trial court again denied the motion.
The Court of Criminal Appeals held that Rosalyn had not preserved for appellate review her challenge to the sufficiency of the evidence to support her convictions. The Court of Criminal Appeals recognized and analyzed the procedural facts of this issue this way:
 "At the close of the State's evidence, Rosalyn moved for a judgment of acquittal on the grounds that the State had not proved its case beyond a reasonable doubt and that the State had not proved venue. Rosalyn merely renewed her motion for a judgment of acquittal at the close of all of the evidence.
"`. . . .'
 ". . . Because Rosalyn did not allege in her motions for a judgment of acquittal that the State did not prove a prima facie case of theft and conspiracy, the motions did `not squarely present to the trial court the issue of the sufficiency of the evidence; consequently, [they were] insufficient to preserve the issue for appellate review.' Johnson v. State, 500 So.2d 69, 72 (Ala.Cr.App. 1986) (quoting Trone v. State, 366 So.2d 379 (Ala.Cr.App. 1979))."
McNish, 878 So.2d at 1196-97. (Emphasis added.)
In Ex parte Hall, [Ms. 1010415, April 19, 2002] 843 So.2d 746 (Ala. 2002), this Court addressed a virtually identical preservation issue:
 "In his written motion for a judgment of acquittal, Hall stated as one of his grounds that `insufficient evidence has been presented to support a finding that the defendant is guilty beyond a reasonable doubt.' This statement is almost identical to the statement in Hanson [v. City of Trussville, 539 So.2d 1082
(Ala.Crim.App. 1988)], that the city had not `proven that [the defendant] is guilty of driving while suspended or revoked through the evidence.' Thus, although Hall's statement here, like the statement in Hanson, is not as perfectly phrased as the statement this Court endorsed in Ex parte Maxwell, [ 439 So.2d 715, 716 (Ala. 1983), i.e., `the prosecution has failed to make a prima facie case'], it was nevertheless `sufficient . . . to put the trial court on notice of a defect in the city's case, and, therefore, sufficient to preserve the issue for review.' Hanson, 539 So.2d at 1084."
843 So.2d at 749. Judge Cobb aptly addressed the same issue in her special writing concurring in the result in Thomas v. State, 777 So.2d 317
(Ala.Crim.App. 2000):
 "The majority concludes that, because the defendant did not intone the mantra, `The State has failed to prove a prima facie case,' the defendant's motion for a judgment of acquittal was not sufficient to preserve the issue for appellate review. I disagree. I see no appreciable difference between the words, `The State has failed to prove a prima facie case,' and the defense counsel's words, `The evidence is insufficient to convict my client and the State did not prove beyond a reasonable doubt that he is guilty. . . .' I believe that the motion for *Page 1201 
a judgment of acquittal set out sufficient grounds to allow the trial court to make an informed decision on the motion. That being the case, the language was sufficient to preserve the issue for appellate review."
777 So.2d at 318. Thus, Rosalyn has preserved for appellate review her claim that the evidence was insufficient to support her convictions.
Therefore, the Court of Criminal Appeals erred in holding that Rosalyn did not preserve her challenge to the State's evidence and erred in not addressing the merits of Rosalyn's claim. We reverse the judgment of the Court of Criminal Appeals affirming Rosalyn's convictions, and we remand this cause for that court to address the merits of Rosalyn's claim
that the evidence was insufficient to support her convictions.
REVERSED AND REMANDED.*
HOUSTON, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., concurs specially.
STUART, J., concurs in part and dissents in part as to the rationale and concurs in the result.
* Note from the reporter of decisions: On March 14, 2003, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On April 4, 2003, that court denied rehearing, without opinion. Rosalyn McNish petitioned the Alabama Supreme Court for certiorari review of the March 14, 2003, action of the Court of Criminal Appeals. On August 15, 2003, the Supreme Court denied McNish's certorari peition, without opinion (1021220).