On September 14, 2004, this Court granted defendant Carlos Shanta Parks's petition for a writ of certiorari to examine whether the Court of Criminal Appeals, in its unpublished memorandum affirming Parks's conviction of felony murder and resulting sentence of 25 years' imprisonment, Parks v. State,923 So.2d 328 (Ala.Crim.App. 2004), properly held that Parks had not preserved his argument concerning the application of the felony-murder rule to his case. Judge Cobb dissented from that unpublished memorandum and issued an opinion. The unpublished memorandum in Parks summarizes the evidence as follows:
 "The State presented evidence that, on the evening of March 20, 2002, [Parks], Jermon Mack, and Willie Powell went to Mack's hotel room in [Parks's] vehicle; that, while they were there, Mack said that he needed money to pay his hotel bill and talked about `hitting a lick,' which meant committing a robbery; and that the men subsequently left and went to Deneco Nettles's house. The State also presented evidence that Nathan Tillman was at Nettles's house; that, while they were at Nettles's house, Mack talked about wanting to rob somebody and said that he needed money; that [Parks], Mack, Powell, and Tillman subsequently left Nettles's house; and that Mack had a 9mm gun, and one of the other men had a rifle when they left. Finally, the State presented evidence that, after leaving Nettles's house, [Parks] drove to Leon Glass's house with Mack, Powell, and Tillman; that, when they got to Glass's house, Mack and Tillman got out of the vehicle with guns, approached Glass, told him to get on the ground, pulled his necklace off of his neck, took approximately $430 out of his pocket, and started shooting at him and the house; that Ramon Daniels, who was in Glass's house at that time, heard gunshots, looked out of the door, saw a man with a gun coming toward him, and started shooting; that Mack and Tillman got back into [Parks's] vehicle as [Parks] was driving away; and that Mack had been shot and subsequently died from gunshot wounds."
In her dissent, Judge Cobb presented the following statement of the essential facts:
 "Parks and three other men drove to a house to rob the man who lived there. Two of the men forced the victim to the ground and robbed him; Parks remained inside the car during the robbery. A gunfight erupted between the two robbers and a third person, Ramon Daniels, who fired at the robbers from inside the victim's house. One of the robbers, Jermon Mack, was killed by shots fired by Daniels from inside the victim's house. Parks was convicted of felony murder, § 13A-6-2(a)(3), Ala. Code 1975, as a result of Mack's death."
923 So.2d at 329.
In its unpublished memorandum, the Court of Criminal Appeals concluded that Parks had failed to preserve for appeal his argument that he had been improperly convicted of felony murder under § 13A-6-2(a)(3). The court stated:
 "[Parks] argues that he could not properly be convicted of felony murder based on Mack's death. Specifically, he contends that Alabama's felony-murder statute, § 13A-6-2(a)(3), Ala. Code 1975, does not apply when a participant in the underlying felony is killed by a person who was not a participant in the underlying felony. However, [Parks] did not present this specific argument to the *Page 332 
trial court. Rather, when he made his motion for a judgment of acquittal, he argued that there was a material variance between the allegations included in the indictment and the evidence presented at trial; that the evidence did not show that he was a participant in the underlying robbery; and that, under the facts of his case, he could not have foreseen that Daniels would come out of Glass's house and shoot Mack. `"The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987).' Miller v. State, 602 So.2d 488, 496 (Ala.Crim.App. 1992)."
Judge Cobb, in her dissent, addressed this conclusion as follows:
 "In his motion for a judgment of acquittal, defense counsel argued at length that the indictment charged that Parks or another participant caused the death of Jermon Mack by shooting him during the course of a robbery, while the evidence presented at trial established that Ramon Daniels fired the shots that killed Mack. Daniels was not a participant in the robbery, counsel argued. He argued, additionally, that Parks could not have foreseen that Daniels would kill Mack. He concluded, `That's extending felony murder too far.' Defense counsel's motion for a judgment of acquittal was more than adequate to preserve the issue Parks presented on appeal. Therefore, the issue raised by Parks should have been addressed."
923 So.2d at 329.
Our review of the record shows that Parks's lawyer made a motion for a judgment of acquittal and argued, in pertinent part, as follows in support of that motion:
 "The indictment that we're here trying today is a charge of felony murder alleging that Carlos Parks, while in the commission of or attempting to commit a felony, a robbery, did cause the death of Jermon Mack or that another participant in that robbery did cause the death of Jermon Mack by shooting him with a gun, in violation of Section 13A-6-2, Code of Alabama.
". . . .
 "I call the Court's attention to that because this indictment is plead[ed] in a specific fashion. The language says that Carlos Parks or another participant in the robbery did cause the death of Jermon Mack. The evidence in the trial is — and this is uncontroverted evidence — that Jermon Mack died at the hands of an individual named Ramon Daniels. He had the 9mm [gun] on the porch, fired the shot that allegedly killed Jermon Mack and apparently did kill him, and Ramon Daniels has admitted as much here in the courtroom.
 "Ramon Daniels is neither Carlos Parks, nor is he a participant in the robbery. He is neither one of those two people, as is specifically alleged in the indictment. The State knew going in that Ramon Daniels was the person that actually fired the weapon. So if the proof was going to be that Carlos Parks or another participant caused Ramon Daniels to fire a weapon that then resulted in the death, then they should have specifically plead[ed] that. The indictment language must be specific.
". . . .
 "It's just insufficient evidence based on the way they have alleged it in the indictment. If they wanted to prove those facts, then they should have alleged those facts in the indictment going back to the specificity requirements of the indictment. They did not specify the chain of events and the causation that they were going to try to allege in *Page 333 
this case and it's insufficient notice pursuant to that. But then when you get to the word `participant,' Ramon Daniels was neither a participant, nor is he Carlos Parks. And with the superseding, intervening cause caselaw, then it's not foreseeable to Carlos Parks that Ramon Daniels is going to come out and kill Jermon Mack.
 "The man that killed Jermon Mack is Ramon Daniels, and you've got to show beyond a reasonable doubt that Carlos Parks knew or could have foreseen that Ramon Daniels was going to kill Jermon Mack on that night. It just doesn't get there. That's extending felony murder too far. And Judge, I think the State would have to concede, there is not a case in Alabama that says that they can extend felony murder this far. There's not a case that says they can't. Apparently it just hasn't been litigated. But they don't have any law that supports bringing that to this extension."
We agree with Judge Cobb that Parks's argument to the trial court that he could not properly be convicted of felony murder under the facts of the case because the victim was not killed by a participant in the robbery adequately notified the trial court of that argument so as to preserve it for appeal. The critical consideration for the preservation of error for appellate review is that the trial court be sufficiently informed of the basis of the defendant's argument. We have stated:
 "`Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error. . . . An objection without specifying a single ground, such as "I object," "objection," or "we object" is not sufficient to place the trial court in error for overruling the objection.'
 "Lawrence v. State, 409 So.2d 987, 989 (Ala.Cr.App. 1982) (citation omitted). The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury. Jennings v. State, 588 So.2d 540, 541 (Ala.Cr.App. 1991). In Jennings, the Court of Criminal Appeals held that the objection, `Improper predicate,' coupled with the further response, `That is improper. That is not the correct way to do that,' was sufficient to put the court on notice that the alleged error was the impeachment of the defendant with evidence of prior convictions. 588 So.2d at 541-42. In Ex parte Garrett, 608 So.2d 337, 338 (Ala. 1992), we held that an evidentiary issue was properly preserved for review; the defendant had made only a general objection when the evidence was offered, but had later renewed the objection, stating further, `The chain of custody was not proven through Bob Williamson to Mark Cruise.' As Judge Taylor stated in his dissent from the memorandum affirmance in this case, `Defense counsel should not have to direct his opponent's mind to the correct law the way one would thrust a beagle's nose on a rabbit trial.' Works v. State, 640 So.2d 1056 (Ala.Cr.App. 1993) (Taylor, J., dissenting)."
Ex parte Works, 640 So.2d 1056, 1058 (Ala. 1994) (holding that defense counsel's objection to an alleged flaw in the State's chain of custody was sufficiently specific to preserve the issue for appellate review).
More recently, in Ex parte McNish, 878 So.2d 1199 (Ala. 2003), this Court considered whether the defendant's argument that the State had not proven its case *Page 334 
beyond a reasonable doubt had preserved her challenge to the sufficiency of the State's evidence to support her convictions for first-degree theft and conspiracy to commit first-degree theft. We stated:
 "The Court of Criminal Appeals held that Rosalyn [McNish] had not preserved for appellate review her challenge to the sufficiency of the evidence to support her convictions. The Court of Criminal Appeals recognized and analyzed the procedural facts of this issue this way:
 "`At the close of the State's evidence, Rosalyn moved for a judgment of acquittal on the grounds that the State had not proved its case beyond a reasonable doubt and that the State had not proved venue. Rosalyn merely renewed her motion for a judgment of acquittal at the close of all of the evidence.
"`". . . ."
 "` . . . Because Rosalyn did not allege in her motions for a judgment of acquittal that the State did not prove a prima facie case of theft and conspiracy, the motions did "not squarely present to the trial court the issue of the sufficiency of the evidence; consequently, [they were] insufficient to preserve the issue for appellate review." Johnson v. State, 500 So.2d 69, 72 (Ala.Cr.App. 1986) (quoting Trone v. State, 366 So.2d 379 (Ala.Cr.App. 1979)).'
 "McNish [v. State], 878 So.2d [1189] at 1196-97 [(Ala.Crim.App. 2000)]. (Emphasis added.)
 "In Ex parte Hall, 843 So.2d 746 (Ala. 2002), this Court addressed a virtually identical preservation issue:
 "`In his written motion for a judgment of acquittal, Hall stated as one of his grounds that "insufficient evidence has been presented to support a finding that the defendant is guilty beyond a reasonable doubt." This statement is almost identical to the statement in Hanson [v. City of Trussville, 539 So.2d 1082
(Ala.Crim.App. 1988)], that the city had not "proven that [the defendant] is guilty of driving while suspended or revoked through the evidence." Thus, although Hall's statement here, like the statement in Hanson, is not as perfectly phrased as the statement this Court endorsed in Ex parte Maxwell, [439 So.2d 715, 716 (Ala. 1983), i.e., "the prosecution has failed to make a prima facie case"], it was nevertheless "sufficient . . . to put the trial court on notice of a defect in the city's case, and, therefore, sufficient to preserve the issue for review." Hanson, 539 So.2d at 1084.'
"843 So.2d at 749. Judge Cobb aptly addressed the same issue in her special writing concurring in the result in Thomas v.State, 777 So.2d 317 (Ala.Crim.App. 2000):
 "`The majority concludes that, because the defendant did not intone the mantra, "The State has failed to prove a prima facie case," the defendant's motion for a judgment of acquittal was not sufficient to preserve the issue for appellate review. I disagree. I see no appreciable difference between the words, "The State has failed to prove a prima facie case," and the defense counsel's words, "The evidence is insufficient to convict my client and the State did not prove beyond a reasonable doubt that he is guilty. . . ." I believe that the motion for a judgment of acquittal set out sufficient grounds to allow the trial court to make an informed decision on the motion. That being the case, the *Page 335 
language was sufficient to preserve the issue for appellate review.'
 "777 So.2d at 318. Thus, Rosalyn has preserved for appellate review her claim that the evidence was insufficient to support her convictions.
 "Therefore, the Court of Criminal Appeals erred in holding that Rosalyn did not preserve her challenge to the State's evidence and erred in not addressing the merits of Rosalyn's claim. We reverse the judgment of the Court of Criminal Appeals affirming Rosalyn's convictions, and we remand this cause for that court to address the merits of Rosalyn's claim that the evidence was insufficient to support her convictions."
878 So.2d at 1200-01.
Thus, the critical consideration is whether Parks's argument was sufficient to put the trial court on notice of his argument that he could not be properly convicted under the felony-murder statute. Put another way, we consider whether Parks's argument in support of his motion for a judgment of acquittal provided the trial court with sufficient information from which to make an informed decision on the motion. We note further that although Parks did challenge his indictment as alleging a violation of the felony-murder statute, he did not specifically assert a material variance between the indictment and the evidence. Rather, he argued in his motion for a judgment of acquittal that the facts in his case did not support a conviction under the crime charged in the indictment, i.e., felony murder, because the victim was killed by an individual who was not a "participant" in the robbery. This is the substance of his argument on appeal. We therefore conclude that Parks did preserve his argument for appellate review, and the judgment of the Court of Criminal Appeals in its unpublished memorandum holding to the contrary is due to be reversed. The judgment of that court is reversed, and the cause is remanded for the Court of Criminal Appeals to consider Parks's argument on the merits.
REVERSED AND REMANDED.*
NABERS, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
* Note from the reporter of decisions: On August 12, 2005, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On September 2, 2005, that court denied rehearing, without opinion.