62 So.2d 457

**CALHOUN COUNTY et al. v.
MORGAN et al.**

7 Div. 152.

Supreme Court of Alabama.

Oct. 23, 1952.

Rehearing Denied Jan. 19, 1953.

Knox, Jones, Woolf & Merrill, Chas. Thomason and Emerson & Watson, all of Anniston, for appellants.

Guy Sparks, Anniston, for appellees.

FOSTER, Justice.

The question on this appeal is whether the substance of a local law applicable to Calhoun County was published as required by section 106 of the Constitution. There is no question that it is a local law and that the publication was for the required time and in the required paper.

The proposed act was published in extenso. It was not undertaken to publish merely the substance of the Act. But as passed there were certain changes made, so that it was not in the precise terms as used in the publication. It is contended that by reason of those changes the substance of the Act as passed was not published as required by section 106, supra. It is a civil service act. The bill of complaint seeks a declaratory judgment to determine whether the Act is invalid for the reason stated.

The bill alleged and the answer admitted that the following are the differences between the Act as advertised and as passed by the Legislature:

"1. That the bill as advertised included each of the seven incorporated municipalities in Calhoun County; the bill as passed included only the municipality of Anniston.

"2. The bill as advertised gave to each of the following officers: the tax collector, the tax assessor, probate judge, circuit court clerk, and the sheriff of Calhoun County, Alabama, the complete power of appointment or removal of one chief clerk or deputy; the bill as passed did not give said officials said power.

"3. The bill as advertised did not include common laborers; the bill as passed does include common laborers. This means that the bill as advertised included approximately 143 employees of the City of Anniston, and as passed included approximately 242 employees of the City of Anniston, an addition of approximately sixty-nine per cent of the personnel affected insofar as the City of Anniston is concerned.

"4. The bill as advertised prohibited anyone convicted of an offense of felony of being an applicant for any position with the municipality, or the county; the bill as passed omitted this provision.

"5. The bill as advertised would have provided a salary of $6,000.00 for the director of the civil service board; the bill as passed provided a salary of only $4,800.00.

"6. The bill as advertised did not give any person aggrieved because of his removal or discharge, the right to appeal such decision to the Circuit Court of Calhoun County, Alabama; the bill as passed gave the right of appeal to the Circuit Court of Calhoun County, in Equity."

Upon final hearing the court decreed as follows:

"1. That said Act is invalid and unconstitutional in that it violates section 106 of the Constitution of Alabama in so far as it applies to common laborers, and to the appointment and removal of one chief clerk or deputy clerk by each of the following officers of Calhoun County, Alabama;

"The tax collector, tax assessor, probate judge, circuit clerk, and sheriff. The court finds and decrees that in so far as common laborers and the appointment and removal of said chief clerks and deputies are concerned, that substantial features of the proposed act were materially changed in the passage of the Act.

"2. That the remaining provisions of said Act are constitutional and valid in that no other material changes were made in other substantial features of the published proposed act in its passage; that the only other changes made were in matters of detail, and that the only other changes made were in matters of detail (sic), and that the Legislature has the right to shape up and work out the details of local legislation by amending bills when presented for consideration and passage. The court

finds and decrees that said Act thus interpreted and applied is competent to stand and leaves an enactment complete within itself, sensible, and capable of being executed."

We cannot agree with the theory expressed in the decree that because there were certain material changes from the proposal as published, it is only those features of the Act represented by such changes which are properly eliminated when the court concludes, as it did, that the Act as passed, without those changed features, "is competent to stand and leaves an enactment complete within itself, sensible and capable of being executed."

■ We agree of course that it is often true that a feature of an act may be stricken because it violates some constitutional requirement, such as section 45, for not being included in the title. That is not the nature of section 106 of the Constitution. The failure to observe that requirement does not invalidate a portion of the act, but all of it. Section 106 directs the Court to pronounce void every such law which the journals do not affirmatively show was passed in accordance with it. This does not mean to declare void parts or provisions of a law which were not included as required. We have found no case which struck out of a local law a feature of it because not included in the publication as required. In all of our cases applying section 106, supra, the inquiry has been whether the entire act was void.

We have repeatedly held that some one departure, standing alone, may not be sufficient to strike down the act; although the combined effect of several such departures sometimes has that effect. State ex rel. Wilkinson v. Allen, 219 Ala. 590(5), 123 So. 36; Commissioners Court of Winston County v. State ex rel. County Highway Commission, 224 Ala. 247, 139 So. 356; State on Inf. of Murphy v. Brooks, 241 Ala. 55, 57, 1 So.2d 370. But the effect of such change went to the invalidity of the whole act, not to that feature not included in the notice. The application of section 106, supra, in this respect is different from section 45, supra.

We have often referred to the principles which should be applied in determining whether the change from the published notice is such as to be sufficient to require us to hold that the act is void as we are required to do under section 106. We remember the difference between a notice which contains in broad terms the "substance" of the proposed act (not the subject), and an exact copy in extenso of it. This difference was pointed out and an analysis of the two situations made in our case of State ex rel. Wilkinson v. Allen, supra, approved in Shades Valley Land Co. v. City of Homewood, 235 Ala. 462, 179 So. 815; First National Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38.

■ The publication of the act in extenso does not serve to cause every feature of it to be matter of substance which would otherwise be considered mere matter of detail. Parton v. Wood, 243 Ala. 407, 9 So.2d 265. The essence of the inquiry is whether the change from the proposal as published in extenso is material. The principle does not prohibit changes which are not material. Shades Valley v. Homewood, supra; Houston County v. Covington, 233 Ala. 606, 172 So. 882; Gray v. Johnson, 235 Ala. 405, 179 So. 221; Foreman v. Davis, 238 Ala. 666, 193 So. 161; Opinion of the Justices, 252 Ala. 361, 41 So.2d 266.

In order to violate section 106, supra, in the respect here involved, it is not necessary that the change made from the published notice shall change the "purpose" of it as published, which is prohibited by section 61 of the Constitution.

■ Without analyzing the several changes which we noted at the outset, we think it is clear that they are material at least in part and affect the substance of the Act. Therefore, that the entire Act is void under section 106, supra.

The decree of the circuit court is modified so as to declare it so.

On the main appeal the decree is modified and affirmed. On the cross assignments it is affirmed.

All the Justices concur.