Robert C. Tanner sued the Tuscaloosa County Commission ("county commission") and its members, seeking an order declaring void certain portions of an act of the Alabama legislature having application to transactions occurring in Tuscaloosa County. The legislation, Act 90-323, 1990 Ala. Acts, authorizes the county commission to impose a tax of not more than two cents per gallon on all motor fuels sold, delivered, or taken from storage in Tuscaloosa County.
Prior to the legislature's adoption of Act 90-323, the bill, as originally proposed, was published in a Tuscaloosa newspaper in accordance with Art. IV, § 106, Ala. Const. 1901. However, after the bill was published, it was amended by the legislature before being enacted into law. Two provisions embodied in the amendment require that the county commission adopt and implement any and all fiscal recommendations of a "Blue Ribbon Study Commission" regarding whether the provisions of Act 90323 should be implemented, and that the new tax be approved by a majority of the qualified electors residing in Tuscaloosa County after the blue ribbon commission's recommendations are implemented by the county commission.
Tanner alleged in his complaint that the provisions added by the amendment violate § 106, because, he claimed, adding the amendment to Act 90-323 caused the act to materially and substantially differ from the original bill that was published. Tanner sought to have the amendment declared invalid and the portion added by the amendment severed from the remainder of the act pursuant to a severability clause contained both in the original bill and in the act.
After Tanner had filed his complaint, Jerry Baggett and Neil Friday ("intervenors") filed a motion to intervene in Tanner's suit against the county commission. The motion was granted by the trial court, and the intervenors in their complaint sought to have the entire act declared void if any part of it was found to have been adopted in violation of § 106.
Tanner moved for a summary judgment, and, following a hearing on his motion, the parties submitted the matter to the trial court on admissions of fact, briefs, and oral argument. Thereafter, the trial court entered a judgment holding that Act 90-323, as adopted, materially and substantially differed from the bill that was originally published, and that Art. IV, § 106, required that the amended version of the bill be published before its enactment. The trial court further concluded that because Act 90-323 did not comply with § 106, the act was unconstitutional in its entirety and therefore void. Tanner appealed.
On appeal, all of the parties agree that the provisions added to the act by the amendment constitute a material and substantial change from the bill that was originally published; however, Tanner and the county commission argue that because Act 90-323 contains a severability clause, the *Page 1209 
trial court erred in declaring the act void in its entirety, rather than simply severing that portion added by the amendment from the balance of the act. On the other hand, the intervenors argue that, assuming that Act 90-323 violates § 106, the trial court properly declared the act void in its entirety. Therefore, given the trial court's holding that the amendment created a material and substantial variance from the bill that was advertised, the narrow issue presented for our review is whether those portions of an act added by an amendment that was not published pursuant to § 106 can be severed from an act that otherwise complied with § 106.[1]
Initially, we note that because the trial court was not presented with conflicting testimony in this case, the court's judgment is not clad in the ore tenus presumption of correctness. Turner v. Clutts, 565 So.2d 92 (Ala. 1990). Therefore, we apply the same standard of review here as the trial court utilized. We must judge the evidence as well as the application of the law to that evidence. Id. Furthermore, where the constitutionality of an act of the legislature is questioned, we must approach our review of the legislation with every presumption and intendment in favor of its validity. Our prime consideration of such a question requires us to seek to sustain rather than strike down the enactment of a coordinate branch of government. Moore v. Mobile Infirmary Ass'n,592 So.2d 156 (Ala. 1991); Alabama State Fed'n of Labor v. McAdory,246 Ala. 1, 18 So.2d 810 (1944).
In Calhoun County v. Morgan, 258 Ala. 352, 62 So.2d 457
(1952), this Court considered an issue identical to that raised in this appeal, i.e., whether a part of an act that was not published in accordance with § 106 may be severed from that part of the act that was properly published. In Morgan, a proposed local act was published as required by § 106 but then was amended while under consideration in the legislature, so that the act as adopted differed from the proposed act that was published. In ruling on the constitutionality of the act under § 106, the trial court in Morgan held that changes in the act that were accomplished by amendment after the proposed act was published were unconstitutional. The trial court went on to hold, however, that the balance of the act was valid.
On appeal, this Court disagreed with the trial court's holding. In reversing the judgment of the trial court, this Court stated:
 "We agree of course that it is often true that a feature of an act may be stricken because it violates some constitutional requirement, such as section 45, for not being included in the title. That is not the nature of section 106 of the Constitution. The failure to observe that requirement does not invalidate a portion of the act, but all of it. Section 106 directs the Court to pronounce void every such law which the journals do not affirmatively show was passed in accordance with it. This does not mean to declare void parts or provisions of a law which were not included as required. We have found no case which struck out of a local law a feature of it because not included in the publication as required. In all of our cases applying section 106 . . . the inquiry has been whether the entire act was void."
258 Ala. at 355, 62 So.2d at 458-59.
We find the facts of the present case to be identical with those presented in Morgan. Therefore, in reliance on Morgan, we hold that the judgment of the trial court in the present case is due to be affirmed in its conclusion that because the amendment to Act 90-323 was not published in accordance with § 106, the act is void in its entirety.
The appellants argue here that the trial court erred in holding the § 106 violation to be fatal to the entire act. In support of their argument that the part of an act that violates § 106 can be severed from the remainder of the act, the appellants rely principally on Hamilton v. Autauga County, *Page 1210 289 Ala. 419, 268 So.2d 30 (1972), and Wilkins v. Woolf,281 Ala. 693, 208 So.2d 74 (1968). After considering Hamilton, we find the appellants' reliance on that case to be misplaced. Although Hamilton did concern the severance of unconstitutional parts of an act, we find Hamilton to be distinguishable from the present case, because the act in Hamilton was not a local act, but, rather, was a general act, to which § 106 did not apply.
In Wilkins, which was decided 16 years after Calhoun Countyv. Morgan, supra, a proposed bill that had been published according to the provisions of § 106 was amended while it was under consideration in the legislature and was not republished as amended prior to its passage. In an action challenging the constitutionality of the act under § 106, the trial court held that the differences between the act and the bill as published were material and substantial, so that the bill as amended should have been published pursuant to § 106 before its enactment; the court therefore held that the act had been enacted in violation of § 106 and that the act was unconstitutional in its entirety. On appeal, however, this Court reversed the trial court's judgment to the extent that it declared void the act in its entirety. This Court then held that the provisions of the act that had been added after the proposed act was published were unconstitutional; however, this Court attempted to salvage certain parts of the act. The result of this Court's work on that act resulted in a patchwork arrangement of judicial approvals of severable parts.
In Wilkins, in reaching its conclusion that the unconstitutional provisions of the act at issue could be severed from the balance of the act, this Court relied solely on cases stating the general proposition that unconstitutional provisions of an act may be severed. None of the cases cited inWilkins, however, involved a § 106 violation; rather, each concerned other constitutional deficiencies. Furthermore,Wilkins did not cite Morgan or any other case as authority for the proposition that provisions of a local act added after the proposed act was published in accordance with § 106 could be severed from the remainder of the act. Moreover, our research has not revealed a citation of Wilkins as authority for the proposition that part of a local act may stand in spite of the fact that other portions of the act violate § 106.
Although it appears that the act in Wilkins, like the act in the present case, contained a severability clause, such a clause would have no effect in situations where there is a § 106 violation, because, according to Morgan, a § 106 violation is fatal to the entire act. Hence, if the entire act is void as unconstitutional, then there are no remaining valid provisions that may be given effect pursuant to a severability clause. Therefore, in light of the strong directive in Morgan regarding the effect of a § 106 violation, we hold that Wilkins misstated the law regarding the relationship between severability and § 106 violations. We further hold that Morgan correctly states the rule: if any part of an act violates § 106, then the entire act is void. Therefore, we overrule Wilkins to the extent that it permits severance in the face of a § 106 violation.
The judgment of the trial court declaring Act 90-923 void in its entirety is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] Because the parties do not raise the issue, we will not inquire into the trial court's conclusion that Act 90-323, as adopted, materially and substantially differs from the bill that was originally advertised.