[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1241 
The appellant, Anthony Jermaine Hyshaw, pled guilty to using a false identity to obstruct justice, a violation of § 13A-8-194, Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison. See §13A-5-9(c)(1), Ala. Code 1975. The appellant did not file any post-judgment motions. This appeal followed.
 I.
The appellant argues that § 13A-8-194, Ala. Code 1975, is unconstitutionally vague.[1] Specifically, he contends that the statute "is uncertain under what circumstances a person may be prosecuted for its violation." (Appellant's brief at p. 11.)
 "`"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352[357], 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted). A statute challenged for vagueness must therefore be scrutinized to determine whether it provides both fair notice to the public that certain conduct is proscribed and minimal guidelines to aid officials in the enforcement of that proscription. See Kolender, supra; Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). . . .'
 "McCorkle v. State, 446 So.2d 684, 685
(Ala.Crim.App. 1983)."
Timmons v. City of Montgomery, 641 So.2d 1263, 1264
(Ala.Crim.App. 1993).
Section 13A-8-194(a), Ala. Code 1975, provides: *Page 1242 
 "A person commits the crime of obstructing justice using a false identity if he or she uses identification documents or identifying information of another person or a fictitious person to avoid summons, arrest, prosecution, or to impede a criminal investigation."
The plain language of this statute clearly provides that a person may be prosecuted for using a false identity to obstruct justice when:
 1) he or she uses the identification documents or identifying information of another person or a fictitious person and
 2) he or she does so to avoid summons, arrest, or prosecution or to impede a criminal investigation.
Therefore, the statute adequately puts ordinary people on notice of the conduct that is prohibited. Further, because § 13A-8-194, Ala. Code 1975, applies only to actions that are done for the purpose of avoiding summons, arrest, or prosecution or to impede a criminal investigation, it does not criminalize innocent behavior. Accordingly, § 13A-8-194, Ala. Code 1975, is not unconstitutionally vague.
 II.
The appellant also argues that § 13A-8-194, Ala. Code 1975, is unconstitutional because it is overbroad.[2]
 "`"The overbreadth doctrine derives from the First Amendment, see Young v. American Mini Theatres, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976); Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), and serves to invalidate legislation so sweeping that, along with its allowable proscriptions, it also restricts constitutionally-protected rights of free speech, press, or assembly, see e.g., Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214
(1971)."'"
Elston v. State, 687 So.2d 1239, 1244 (Ala.Crim.App. 1996) (quoting McCall v. State, 565 So.2d 1163, 1165 (Ala.Crim.App. 1990)). "[D]emonstrable falsehoods are not protected by the First Amendment in the same manner as truthful statements." Dowling v.Alabama State Bar, 539 So.2d 149, 151 (Ala. 1988).
Section 13A-8-194, Ala. Code 1975, prohibits the use of identification documents or the identifying information of another person or of a fictitious person for the purpose of avoiding summons, arrest, or prosecution or to impede a criminal investigation. Therefore, it does not involve constitutionally protected speech. "`"Since there are no First Amendment rights at stake here, the overbreadth doctrine does not apply."'" Elston, 687 So.2d at 1244 (quoting McCall, supra).
 III.
The appellant further argues that § 13A-8-194, Ala. Code 1975, is unconstitutional because the title of the Consumer Identity Protection Act, § 13A-8-190 et seq., Ala. Code 1975, does not agree with the subject matter of § 13A-8-194, Ala. Code 1975, and because the act contains more than one subject.[3] ArticleIV, § 45, of the Alabama Constitution, provides, in pertinent part:
 "Each law shall contain but one subject, which shall be clearly expressed in its title. . . ."
In applying Article IV, § 45, of the Alabama Constitution, we have noted: *Page 1243 
 "`The purposes of the "single subject" requirement Const. of Ala., 1901, § 45, are generally stated as: (a) notification to the public of the nature of the pending legislation; (b) avoidance of fraud on the legislature by inadvertent passage of provisions not related to the title; and (c) prevention of logrolling legislation. Boswell v. State, 290 Ala. 349, 276 So.2d 592 [(1973)], appeal dismissed 414 U.S. 1118, 94 S.Ct. 855, 38 L.Ed.2d 747 [(1974)]. The title of a bill need not specify every provision contained. The "one subject" test of § 45 is satisfied when the bill's provisions are all referable to and cognate of the subject of the bill. Boswell, supra; Opinion of the Justices, 275 Ala. 254, 154 So.2d 12 (1963).'"
Gentile v. City of Guntersville, 589 So.2d 809, 811
(Ala.Crim.App. 1991) (quoting Opinion of the Justices No. 215,294 Ala. 555, 564, 319 So.2d 682, 691 (1975)). Further,
 "[w]hen deciding whether an act violates § 45, this Court
 "`"is committed to the principle that this requirement as to clear expression of the subject of a bill in the title is not to be exactingly enforced in such a manner and to cripple legislation, or is it to be enforced with hypercritical exactness, but is to be accorded a liberal interpretation."'
 "Knight [v. West Alabama Envtl. Improvement Auth.], 287 Ala. [15,] 22, 246 So.2d [903,] 908 [(1971)], quoting Opinion of the Justices No. 174, 275 Ala. 254, 257, 154 So.2d 12, 15 (1963).
 "It is well established that this Court should be very reluctant to hold any act unconstitutional.
 "`Another guiding principle of particular importance is that courts seek to sustain, not strike down, the enactments of a coordinate department of government. Every legislative act is presumed to be constitutional and every intendment is in favor of its validity.'
 "Wilkins v. Woolf, 281 Ala. 693, 697, 208 So.2d 74, 78 (1968) (overruled on other grounds, Tanner v. Tuscaloosa County Comm'n, 594 So.2d 1207 (Ala. 1992))."
Ex parte Boyd, 796 So.2d 1092, 1094 (Ala. 2001).
The title of Act No. 2001-312, Ala. Acts 2001, states:
 "Providing for the crime of identity theft; providing for the crime of trafficking in stolen identities; providing for the crime of obstructing justice using a false identity; providing penalties; providing for a civil action for damages; providing a remedy to clear false information from credit histories; and in connection therewith would have as its purpose or effect the requirement of a new or increased expenditure of local funds within the meaning of Amendment 621 of the Constitution of Alabama of 1901."
(Emphasis added.) The offense of using a false identity to obstruct justice is specifically listed in the title of Act No.2001-312, Ala. Acts. 2001. Also, the act deals with only one subject — obtaining, using, and/or trafficking in identification documents or identifying information for improper purposes. Therefore, the act does not violate Article IV, § 45 of the Alabama Constitution.
We find further support for our holding in statutory provisions from other jurisdictions that deal with identity theft, identity fraud, impersonation, and obtaining and/or using the identifying information of another. Kentucky's,[4] Maryland's,[5]
Nevada's,[6] *Page 1244 
New Jersey's,[7] North Carolina's,[8] and Virginia's[9] identity theft related statutes specifically prohibit using the identity, identifying information, or identification documents of another person to avoid detection, identification, apprehension, prosecution, or legal consequences. Also, the identity theft related statutes in many other jurisdictions include language that is broad enough to encompass the type of conduct proscribed by § 13A-8-194, Ala. Code 1975.[10] Therefore, the appellant's argument is without merit.
 IV.
Finally, the appellant argues that his conduct did not violate § 13A-8-194, Ala. Code 1975. It is not entirely clear that he reserved the right to raise this specific argument on appeal. Therefore, we question whether it is properly before this court.See Rule 14.4(a)(1)(viii), Ala. R.Crim. P. *Page 1245 
Nevertheless, it is clear that the appellant's conduct violated § 13A-8-194, Ala. Code 1975. During the guilty plea proceedings, the prosecutor stated the factual basis for the guilty plea as follows:
 "On March the 22nd of 2002, the Graysville Police Department went to 927 7th Street Southeast in Graysville, which is in the Birmingham Division of Jefferson County. They had a tip that the defendant was located at that address. He had several outstanding warrants. They entered. The defendant tried to run from the room. He was caught, and gave the name of Michael Antonio Coasten, C-0-A-S-T-E-N, with a date of birth of 1/25/72. That was later determined to be false information, and it was determined that he was, in fact, Anthony Hyshaw, date of birth 1/4/75."
(R. 5-6.) These facts clearly show that the appellant used the identifying information of another person or a fictitious person to avoid arrest. Accordingly, his argument is without merit.
For the above-stated reasons, we affirm the trial court's judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] When he entered his guilty plea, the appellant reserved the right to raise this argument on appeal.
[2] When he entered his guilty plea, the appellant reserved the right to raise this argument on appeal.
[3] When he entered his guilty plea, the appellant reserved the right to raise this argument on appeal.
[4] Ky.Rev.Stat. Ann. § 514.160(1) (Michie 1999), provides, in pertinent part:
 "A person is guilty of the theft of the identity of another when he or she knowingly possesses or uses any current or former identifying information of the other person or family member or ancestor of the other person . . . with the intent to represent that he or she is the other person for the purpose of:
". . . .
"(d) Avoiding detection. . . ."
[5] Md. Code Ann., Criminal Law § 8-301(c) (2002), provides, in pertinent part:
 "A person may not knowingly and willfully assume the identity of another:
 "(1) to avoid identification, apprehension, or prosecution for a crime. . . ."
[6] Nev.Rev.Stat. Ann. 205.463 (Michie 2001), provides, in pertinent part:
 "2. A person who knowingly: "(a) Obtains any personal identifying information of another person; and
 "(b) Uses the personal identifying information to avoid or delay being prosecuted for an unlawful act,
 "is guilty of a category E felony and shall be punished as provided in NRS 193.130."
[7] N.J. Stat. Ann. § 2C:21-17(a) (West 1995), provides, in pertinent part:
"A person is guilty of an offense when he:
". . . .
 "(4) Obtains any other personal identifying information pertaining to another person and uses that information or assists another person in using the information, in order to assume the identity of or represent themselves as another person, without that person's authorization and with the purpose to . . . avoid prosecution for a crime by using the name of the other person."
[8] N.C. Gen.Stat. § 14-113.20(a) (2001), provides, in pertinent part:
 "A person who knowingly obtains, possesses, or uses identifying information of another person without the consent of that other person, with the intent to fraudulently represent that the person is the other person . . . for the purpose of avoiding legal consequences is guilty of a felony. . . ."
[9] Va. Code Ann. § 18.2-186.3B (Michie 1996), provides, in pertinent part:
 "It shall be unlawful for any person to use identification documents or identifying information of another to avoid summons, arrest, prosecution, or to impede a criminal investigation."
[10] Ariz.Rev.Stat. Ann. § 13-2008 (West 2001); Cal.Penal Code § 530.5(a) (West 1999); Colo.Rev.Stat. § 18-5-113(1)(e) (2002); Del. Code Ann. tit. 11, § 854 (1995); Iowa Code § 715A.8 (2003), as amended on April 21, 2003; Mich. Comp. Laws Ann. §750.285(1)(e) (West 1991); Minn.Stat. § 609.527 (2002); Miss. Code Ann. § 97-45-19(1)(e) (2003); Mo.Rev.Stat. § 570.223 (2000); Mont. Code Ann. § 45-6-332 (2001); Neb.Rev.Stat. § 28-608 (2002); Ohio Rev. Code Ann. § 2913.49 (Anderson 1996); Or.Rev.Stat. §165.800 (2001); 18 Pa. Cons.Stat. Ann. § 4120 (West 1983); R.I. Gen. Laws § 11-49.1-3 (2002); S.D. Codified Laws § 22-30A-3.1
(Michie 1998); Tenn. Code Ann. § 39-14-150 (1997); Wash. Rev. Code § 9.35.020 (2002); Wyo. Stat. Ann. § 6-3-901 (Michie 2001);18 U.S.C. § 1028(a)(7) (1988). See also People v. Johnson,30 P.3d 718 (Colo.Ct.App. 2000); People v. Borrego, 738 P.2d 59
(Colo.Ct.App. 1987).