LYONS, Justice.
 

 Sylvester James Abrams petitioned this Court for a writ of certiorari to review whether the Court of Criminal Appeals erred in affirming the Montgomery Circuit Court’s revocation of his probation on the basis that Abrams’s sufficiency-of-the-evidence argument had not been preserved for appellate review. We granted certiora-ri review to consider whether Abrams’s argument that the evidence on which his probation was revoked was insufficient to support the revocation is precluded from appellate review. For the reasons discussed below, we reverse the judgment of the Court of Criminal Appeals.
 

 I.
 
 Facts and Procedural History
 

 Sylvester James Abrams pleaded guilty to first-degree sexual abuse. On March 7, 2007, the Montgomery Circuit Court sentenced him, as an habitual offender, to 15
 
 *820
 
 years’ imprisonment. The trial court split Abrams’s sentence and ordered him to serve three years in prison, with the balance suspended upon the completion of five years’ probation and when all other conditions were met. The trial court further stated that the sentence would be a “reverse split,”
 
 ie.,
 
 that the probationary period would be served first.
 

 At the time of the sentencing hearing on the sexual-abuse conviction Abrams was already serving a probationary period for at least one other charge. Two days after the hearing, Abrams’s probation officer filed a report declaring Abrams delinquent for: (1) failing to pay court-ordered moneys, (2) failing to avoid injurious habits, and (3) failing to comply with court orders to complete the CAP (Chemical Addiction Program) for drug and alcohol abuse. According to the State, this delinquency report was “filed on two
 
 other
 
 cases on which Abrams was on probation.” State’s brief at p. 3 (emphasis added).
 

 As a result of the delinquency report, the trial court held a hearing on March 15, 2007, to determine whether Abrams’s probation should be revoked. The record reflects the following exchange occurred at the hearing:
 

 “THE COURT: ... They charged you with a new violation. They allege you were read and explained the conditions of your probation, that you acknowledged by signing the conditions of probation, that you reported to the probation officer and [were] ordered to report for the month of March 2007. And you began paperwork on the probation. They had a drug test or some sort of test. Is that what it was? You came back positive on the drug test. Is that what it was?
 

 “[ABRAMS]: Yes, sir.
 

 “THE COURT: ... [Failure to pay all fines, costs, restitution ordered by the Court. Then ... failure to pay court
 

 costs, failure to avoid injurious habits, failure to comply with court orders. How does he plead to those charges? “[DEFENSE COUNSEL]: Judge, there are some issues on the court costs. I think he didn’t pay after November 2006, however—
 

 “[ABRAMS]: I think my balance is zero. “THE COURT: Go ahead.
 

 “[DEFENSE COUNSEL]: He lost his job. He does have the ability to pay at this point.
 
 I think the primary thing we would ask the Court is to consider the fact that these are violations of the possession of marijuana in the second degree. [Abrams] was not placed on probation at the time that he admitted to using the marijuana and cocaine. That happened the day before he was sentenced [on the sexual-abuse conviction] in this court. So these are actually violations of the possession of marijuana in the second degree.
 
 He was enrolled in CAP. I think he provided paperwork to the probation officer the day he was locked up to prove that he had enrolled in CAP.
 
 So we would just ask the Court to take all of that into consideration and reinstate him,
 
 allow him to continue with his progress in the CAP program.”
 

 (Emphasis added.)
 

 The trial court then asked the probation officer for his position on Abrams’s conduct. The probation officer testified that Abrams came to him on March 6, 2007, the day before the trial court sentenced Abrams on the sexual-abuse conviction, and said that he wanted to sign up for the program for alcohol abuse but not for drug abuse, because, he said, he did not have a drug problem. The probation officer then asked Abrams to take a drug test. The probation officer testified that Abrams told him that he had “partied” with friends because of his looming sentencing hearing
 
 *821
 
 on the sexual-abuse conviction and that he would likely test positive for drug use if he submitted to a drug test.
 

 After the hearing, the trial court revoked Abrams’s probation, not only on the cases in which Abrams was already serving probation when he was sentenced on the sexual-abuse conviction, but also on the sexual-abuse case in which he had been given probation eight days earlier. Specifically, the trial court stated:
 

 “So I am going to revoke your probation, and I am going to revoke it in all these cases, including sexual abuse in the first degree, and sentence you to 15 years in the penitentiary on that case.”
 

 The trial court thus placed the original 15-year sentence on the sexual-abuse conviction into effect with instructions that Abrams receive the “maximum” treatment for drug and alcohol abuse while he was incarcerated. The trial court’s March 15, 2007, revocation order stated that Abrams
 

 “was advised of charged violations of probation of:
 

 “1. Failure to pay court-ordered monies.
 

 “2. Admitted use of marijuana and cocaine in lieu of drug test.
 

 “3. Failure to complete drug/alcohol treatment program.
 

 “... Based on his admission of charged violations, the Court finds he has violated conditions of probation by failing to refrain from illegal activity.”
 

 Abrams then appealed to the Court of Criminal Appeals, arguing that the trial court had erred in revoking his probation on the sexual-abuse conviction because, he said, it erroneously based that revocation on evidence indicating that Abrams had used illegal drugs
 
 before
 
 he was placed on probation for the sexual-abuse conviction.
 

 The Court of Criminal Appeals affirmed the judgment of the trial court without an opinion.
 
 Abrams v. State
 
 (No. CR-06-1288, Oct. 26, 2007), — So.3d-(Ala. Crim.App.2007) (table). In an unpublished memorandum that court held:
 

 “Where a probationer does not object to the sufficiency of the State’s evidence before, during, or after the revocation hearing, this issue is not preserved for review on appeal.
 
 Holden v. State,
 
 820 So.2d 158 (Ala.Crim.App.2001). In order to preserve the sufficiency of the evidence as an appellate issue, the question must first be raised and ruled upon in the trial court.
 
 Reed v. State,
 
 717 So.2d 862 (Ala.Crim.App.1997). The record reflects that after the defense counsel made her argument, the trial court completed the revocation proceeding without responding to or ruling on the counsel’s argument. Without a ruling by the trial court, nothing was preserved for appellate review.”
 

 We granted certiorari review to consider whether Abrams’s argument as to the sufficiency of the evidence is precluded from appellate review.
 

 II.
 
 Standard of Review
 

 “ ‘This Court reviews pure questions of law in criminal cases de novo.’ ”
 
 Ex parte Morrow,
 
 915 So.2d 539, 541 (Ala. 2004) (quoting
 
 Ex parte Key,
 
 890 So.2d 1056, 1059 (Ala.2003)).
 

 III.
 
 Analysis
 

 During the probation-revocation hearing, defense counsel argued that the trial court, in determining whether Abrams had violated his probation, should not consider evidence indicating that Abrams had used illegal drugs
 
 before
 
 he was placed on probation for the sexual-abuse conviction. Abrams refers to this argument as an “objection,” although defense counsel did not use the phrase “I object” or the word “objection” in his argument to the trial court. Defense counsel stated “we would ask the Court ... to
 
 *822
 
 consider” that Abrams “was not placed on probation at the time that he admitted to using the marijuana and cocaine.” Defense counsel then asked the trial court to “reinstate him.” To this Court Abrams argues that the Court of Criminal Appeals erred in holding that his argument as to the insufficiency of the evidence to support the revocation of his probation on the sexual-abuse conviction was not properly preserved for appellate review.
 

 Abrams contends that the holding of the Court of Criminal Appeals conflicts with that court’s holding in
 
 Ryans v. State,
 
 629 So.2d 799 (Ala.Crim.App.1993). In
 
 Ryans,
 
 the appellant argued that the evidence was insufficient to convict him of vehicular homicide. The Court of Criminal Appeals affirmed the judgment of the trial court, holding:
 

 “This issue has not been preserved for appellate review because the question of the sufficiency of the evidence was never presented to the trial court. There was no motion for a judgment of acquittal and there was no other motion, objection, or
 
 request seeking similar relief.”
 

 629 So.2d at 799 (emphasis added). Abrams argues that under
 
 Ryans
 
 he properly preserved his argument as to the sufficiency of the evidence because defense counsel presented the issue to the trial court. Abrams further argues that the trial court implicitly overruled his “objection” by subsequently revoking his probation solely because he admitted, one day before he was placed on probation on the sexual-abuse conviction, that he had used illegal drugs and that the results of any drug test would be positive.
 

 The State contends that the Court of Criminal Appeals’ finding that Abrams’s argument as to the sufficiency of the evidence was precluded from appellate review was correct because Abrams failed to make a specific objection on this ground. The State asserts that the Court of Criminal Appeals properly noted in its unpublished memorandum its holding in
 
 Holden v. State,
 
 820 So.2d 158, 160 (Ala.Crim.App. 2001), that a probationer’s argument as to the sufficiency of the evidence was not preserved for review because the probationer “did not
 
 object
 
 to the sufficiency of the State’s evidence before, during, or after the revocation hearing.” (Emphasis added.) Accordingly, the State argues that defense counsel’s general argument did not preserve the issue of the sufficiency of the evidence in a probation-revocation proceeding as required by Alabama law. The State notes that in
 
 McIntosh v. State,
 
 762 So.2d 388, 390 (Ala.Crim.App. 1999), the Court of Criminal Appeals held that “the general rules of preservation apply to revocation hearings.”
 

 The State further argues that the trial court’s revocation of Abrams’s probation does not constitute an adequate ruling on his sufficiency-of-the-evidence argument to support appellate review. The State asserts that the trial court’s revocation of Abrams’s probation evidences only that the trial court was reasonably satisfied from the evidence presented that Abrams had violated the terms of his probation. The State does not cite any caselaw to support this argument; rather, it cites Rule 27.6(d)(1), Ala. R.Crim. P., which provides that in order to revoke probation “[t]he judge must be reasonably satisfied from the evidence that a violation of the conditions or regulations of probation or the instructions occurred.”
 

 “This Court has always looked to substance over form,”
 
 Southern Sash Sales & Supply Co. v. Wiley,
 
 631 So.2d 968, 971 (Ala.1994). To hold that Abrams’s argument as to the sufficiency of evidence was not preserved for appellate review because it was not raised as a specific “objection” or because the trial court did not expressly rule on it would be to elevate form over
 
 *823
 
 substance. In
 
 Ryans,
 
 the Court of Criminal Appeals countenanced a “request seeking similar relief’ as an alternative to a motion for a judgment of acquittal, another motion, or an objection. 629 So.2d at 799 (“[T]he evidence was never presented to the trial court. There was no motion for a judgment of acquittal and there was no other motion, objection, or request seeking similar relief.”).
 

 At the outset of the brief probation-revocation hearing
 
 [1]
 
 in the instant case, defense counsel pointed out that the charges related to violations of a previous probation order and that Abrams had not been placed on probation in the sexual-abuse case at the time he admitted using illegal drugs, and he requested that the trial court not consider evidence indicating Abrams’s prior drug use so that Abrams’s probation in the sexual-abuse case could be reinstated. This argument was clearly made to apprise the trial court of the insufficiency of the evidence to revoke Abrams’s probation in the sexual-abuse ease and constitutes a request seeking relief similar to that sought by an objection. See
 
 Ryans,
 
 629 So.2d at 799. This Court has stated: “The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.”
 
 Ex parte Parks,
 
 923 So.2d 330, 333 (Ala.2005). We are not dealing with a jury case in which a trial court is being asked to take the case from the jury. A probation-revocation hearing is a bench trial and the trial court is the sole fact-finder. Nor, in the instant case, are we dealing with a question concerning the admissibility of a specific item of evidence in a scenario where the judge is left to speculate as to the position of a party and the party’s grounds for concern.
 

 We further conclude that Abrams’s argument as to the sufficiency of the evidence received an adverse ruling from the trial court. The probation officer’s delinquency report charged Abrams with: (1) failure to pay court-ordered moneys, (2) failure to avoid injurious habits, and (3) failure to comply with court orders to complete the drug- and alcohol-treatment program. The trial court’s order revoked Abrams’s probation because “[Abrams] has violated the conditions of probation by failing to refrain from illegal activity.” Because failure to pay court-ordered moneys and failure to comply with a court directive to complete a substance-abuse program do not equate with “failing to refrain from illegal activities,” we must conclude that the trial court revoked Abrams’s probation solely because it found that Abrams had engaged in the use of illegal drugs. Yet there was no evidence presented to the trial court indicating that Abrams had tested positive for drug use
 
 after
 
 he was placed on probation for the sexual-abuse conviction. The trial court’s revocation of Abrams’s probation on the sexual-abuse conviction embraced exclusively the precise evidence that Abrams asked the court not to consider. Although “ ‘it is familiar law that an adverse ruling below is a prerequisite to appellate review,’ ”
 
 Ex parte Borden,
 
 [Ms. 1050042, August 17, 2007] — So.3d -, — — (Ala.2007) (quoting
 
 CSX Transp., Inc. v. Day,
 
 613 So.2d 883, 884 (Ala.1993)), the trial court’s revocation of Abrams’s probation constitutes an adverse ruling, coming as it did on the heels of Abrams’s statement as to the insufficiency of the evidence just a few minutes earlier in the revocation proceeding.
 

 It is obvious that the trial court and the State knew precisely of what Abrams complained and the relief he wanted; it is equally obvious that the trial court, in re-
 
 *824
 
 yoking Abrams’s probation on the sexual-abuse conviction, refused Abrams’s request that it disregard evidence of conduct that predated his probation in the sexual-abuse case. As previously noted, the State acknowledges that the delinquency report was “filed on two other cases on which Abrams was on probation” and not on the conviction for sexual abuse. This Court in
 
 Ex parte Works,
 
 640 So.2d 1056, 1058 (Ala. 1994), quoted with approval a dissenting opinion in
 
 Works v. State,
 
 640 So.2d 1056, 1056 (Ala.Crim.App.1993) (Taylor, J., dissenting), that is also applicable to this proceeding: “Defense counsel should not have to direct his opponent’s mind to the correct law the way one would thrust a beagle’s nose on a rabbit trail.” See also
 
 Ex parte Purser,
 
 607 So.2d 301, 302 (Ala. 1992) (“ ‘Specific objection or motions are generally necessary before the ruling of the trial judge is subject to review,
 
 unless the ground is so obvious that the trial court’s failure to act constitutes prejudicial error.”’
 
 (quoting
 
 Lawrence v. State,
 
 409 So.2d 987, 989 (Ala.Crim.App.1982))).
 

 The State, while acknowledging that “Abrams’s criminal acts occurred the night before he appeared before the court and was placed on probation in this case,”
 
 [2]
 
 contends, without citation to authority, that the trial court’s revocation of Abrams’s probation as to the conviction for sexual abuse can be upheld. State’s brief at p. 20. The State reasons that “[Abrams’s] inability to comply with the initial requirement of probation — that he successfully pass a drug screen — was noncompliance that occurred after the court imposed the probationary split sentence” in the sexual-abuse case. State’s brief at p. 20.
 
 [3]
 
 We decline to view the subsequent generation of a laboratory report by a third party dealing with activity that clearly predated Abrams’s sentence of probation on the sexual-abuse conviction as an act attributable to Abrams occurring after the sentencing that constitutes a violation of his probation as to that conviction. Nothing before us suggests that the trial court’s granting of probation on the sexual-abuse conviction was conditioned upon a negative drug test. Indeed, the record reflects that the State knew at the time of sentencing that a drug test, if administered, could come back positive.
 

 For the foregoing reasons, we conclude that Abrams’s contention that the trial court erred in revoking his probation on the sexual-abuse conviction based on a delinquency report related to his probation on another conviction because, he argues, the trial court erroneously considered evidence indicating that Abrams used illegal drugs before he was placed on probation on the sexual-abuse conviction is not precluded from appellate review.
 

 IV.
 
 Conclusion
 

 The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded to that court for further proceedings.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 [1]
 

 . The entire hearing is set forth in just over 10 pages of transcript.
 

 [2]
 

 . The record indicates that the use of illegal drugs that resulted in the revocation of Abrams’s probation occurred either on the night of March 5,
 
 i.e.,
 
 two nights before he appeared in court, or as early as March 4.
 

 [3]
 

 . Although a copy of the results of a drug test is not in the record, according to the probation officer Abrams admitted to drug use when he was asked to take a drug test. Also, at the beginning of the hearing the trial court stated, “You came back positive on a drug test,” and Abrams replied, "Yes sir.”