WISE, Presiding Judge.
 

 On February 28, 2008, the appellant, Alexander N. Benson, pled guilty to second-degree receiving stolen property. On March 24, 2008, the trial court sentenced him to serve a term of 31 months in prison, but suspended the sentence and ordered him to serve 24 months on supervised probation. In April 2008, revocation proceedings were initiated. After conducting a hearing, the circuit court revoked Benson’s probation. This appeal followed.
 

 Benson argues that the circuit court erroneously revoked his probation based on conduct that occurred before he was placed on probation. In
 
 Ex parte Abrams,
 
 3 So.3d 819 (Ala.2008), the Alabama Supreme Court held that a defendant’s probation could not be revoked based on conduct that occurred
 
 before
 
 he was placed on probation.
 
 See also Rutledge v. State,
 
 512 So.2d 824 (Ala.Crim.App.1987). During the revocation hearing, the following occurred:
 

 “THE COURT: Let me go over the charge in the delinquency with you. You will be given an opportunity to admit or deny the charge and we’ll go from there. There is one charge and that is that you violated your probation in that you used marijuana. It says here I put you on probation on March 24 and that you were arrested on an old case in April and you were tested and tested positive for marijuana. Do you admit or deny that you used marijuana in violation of your probation?
 

 “MR. BENSON: Yeah, I admit it, but I hadn’t had time to be clean, you know.
 

 “[DEFENSE COUNSEL]: He was arrested 15 days after he was placed on probation.
 

 “THE COURT: Well, unless I’m adding wrong, that means that he was smoking dope between the time that—
 

 “[DEFENSE COUNSEL]: While he was on bond.
 

 “THE COURT: Yeah. Between the time that he pled guilty and the time that he was sentenced.
 

 “[DEFENSE COUNSEL]: Yeah.
 

 “THE COURT: Which if I had known that, I wouldn’t have ever
 
 given
 
 him probation, because I just can’t deal with people that just keep on smoking dope.
 

 “I find that you violated your probation in that you smoked marijuana, revoke your probation, order that you serve 31 months in the penitentiary.”
 

 (R. 3-4.) Further, in its written revocation order, the circuit court found as fol
 
 *695
 
 lows:
 
 [1]
 

 “This matter is before the Court upon a written Supervisor’s Report on Delinquent Probationer. The Defendant was present in Court with counsel, Hon. D. Wayne Perdue, for probation revocation hearing.
 

 “The Court finds that the Defendant had sufficient notice and understanding of the charges against him.
 

 “Upon consideration of the evidence and testimony presented in open Court and the written report from the Probation Officer, the Court makes the following findings:
 

 “1. Defendant failed to avoid injurious and vicious habits by using marijuana in violation of a condition of his probation and Defendant admitted this violation.
 

 “Based on the admission of the Defendant, this Court is reasonably satisfied that the Defendant has violated the terms and conditions of his probation.”
 

 (C.R. 23.)
 

 In this case, the circuit court specifically stated that it was revoking Benson’s probation on the ground that he had used marijuana. However, based on the statements of defense counsel and Benson, Benson used marijuana
 
 before
 
 he was sentenced and placed on probation.
 
 [2]
 
 Also, the State did not offer any additional evidence to show that Benson had used marijuana
 
 after
 
 he was placed on probation. Therefore, the circuit court erroneously revoked his probation on the ground that he had used marijuana.
 
 See Ex parte Abrams,
 
 supra;
 
 Rutledge,
 
 supra. Accordingly, we reverse the circuit court’s judgment and remand this case for that court to set aside its order revoking Benson’s probation.
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . The State argues that Benson did not properly preserve this issue for our review because he did not specifically present this argument to the circuit court. However, the comments of Benson and defense counsel clearly put the court on notice that it was dealing with conduct that occurred before he had been placed on probation. In fact, the court’s own comments indicate that it was aware that the conduct occurred before Benson was placed on probation. Therefore, this was adequate to preserve this issue for our review.
 
 See Abrams,
 
 supra.
 

 [2]
 

 . The State argues that this case is distinguishable from
 
 Abrams
 
 because the drug test in this case was administered after Benson had been placed on probation. Initially, we note that the circuit court did not revoke Benson's probation on the ground that he had had a positive drug test. Rather, it revoked Benson's probation solely on the ground that he had used marijuana. Additionally, in
 
 Abrams,
 
 the Alabama Supreme Court stated,
 

 "We decline to view the subsequent generation of a laboratory report by a third party
 
 dealing with activity that clearly predated Abrams’s sentence of probation on the sexual-abuse conviction
 
 as an act attributable to Abrams occurring after the sentencing that constitutes a violation of his probation as to that conviction."
 

 Abrams,
 
 3 So.3d at 824. Therefore, it appears that the positive drug screen in this case, even though it was administered after Benson was placed on probation, could not be used as the sole evidence to revoke Benson's probation because it was the result of conduct that occurred before he was placed on probation.