PER CURIAM.
 

 Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the pretrial order of the trial court dismissing the indictment charging Thelma E. Toole with obstructing justice by using a false identity, in violation of § 13A-8-194, Ala.Code 1975. On February 9, 2008, Thelma Toole was the passenger in an automobile pulled over by the police. During that traffic stop, the State claimed, she gave her correct name but provided a false date of birth and two false Social Security numbers. She then provided a military identification with a false Social Security number. Toole had an outstanding warrant for Medicaid fraud.
 
 [1]
 

 The indictment charged:
 

 “The Grand Jury of Montgomery County charge that, before the finding of this indictment,
 

 
 *488
 
 Thelma E. Toole, alias
 

 Toole, alias
 

 Melissa Scott, alias
 

 Thelma Edwards Toole, alias
 

 Thelma L. Edwards, alias
 

 Thelma Larone Mcghee, alias
 

 Thelma Larone Toole, alias
 

 Thelma Louise Edwards, alias
 

 Thelma Louise Toole, alias
 

 Thelma Mcghee, alias
 

 Thelma Toole, alias
 

 Thelma L. Toole, alias
 

 Thelma T. Edwards, alias
 

 whose name is otherwise unknown to the Grand Jury, did knowingly use identification documents or identifying information of another person or fictitious person to avoid summons, arrest, prosecution, or to impede a criminal investigation, in violation of section 13A-8-194 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
 

 At the September 4, 2008, hearing, the following colloquy occurred:
 

 “[THE COURT]: Where is the indictment?
 

 “[PROSECUTOR]: This is the indictment that I have in my file.
 

 “[THE COURT]: ... What does it say? ‘Did knowingly use identification documents or identifying information of another person.’ That’s what I’m saying.
 

 “[PROSECUTOR]: Or fictitious person.
 

 “[THE COURT]: Okay. I’m saying those are conclusions. What are the facts?
 

 “[PROSECUTOR]: The facts are that the Social Security number didn’t match the name listed on the—
 

 “[THE COURT]: But I don’t know if that’s going to be sufficient for — you have to put people on notice. I don’t necessarily know if this puts her on notice.
 

 “[PROSECUTOR]: Yes, sir.
 

 “[THE COURT]: Let’s see here. ‘Use of false identity to obstruct justice— elements. A person commits the crime of obstructing justice using a false identity if he or she uses identification documents’ ... I think from a constitutional standpoint, that’s a very vague statute there.
 

 “[DEFENSE COUNSEL]: Judge, if I might interject. It’s my understanding that this identification card has her picture, the actual picture of her and her name.
 

 “[PROSECUTOR]: But it didn’t have her Social Security number.
 

 “[DEFENSE COUNSEL]: So the point I’m making to the Court is according to what you just read, she^—
 

 “[THE COURT]: I’m going to dismiss it. All right.
 

 “[PROSECUTOR]: The State would object.”
 

 On appeal, the State argues that the trial court’s analysis in dismissing the indictment against Toole was erroneous because it found that Toole did not have sufficient notice of the charge against her and that the statute was unconstitutionally vague. The State claims that the indictment properly tracked the statutory language and was sufficient to put Toole on notice of the charge against her. The State further cites this Court’s ruling in
 
 Hyshaw v. State,
 
 893 So.2d 1239 (Ala.Crim.App.2003), that § 13A-8-194, Ala. Code 1975, is not constitutionally vague.
 

 This Court has previously held that the State’s failure to object at the trial
 
 *489
 
 level on the grounds raised on appeal precludes the State from raising those grounds on appeal. See
 
 State v. Clemons,
 
 998 So.2d 1086 (Ala.Crim.App.2007). However, although the State raised a general objection at the conclusion of the colloquy with the trial judge, it is clear that the State was objecting to the dismissal based on aforementioned grounds by the trial judge, i.e., putting Toole on notice of the charges and the unconstitutionality of the statute.
 

 “The critical consideration for the preservation of error for appellate review is that the trial court be sufficiently informed of the basis of the defendant’s argument. We have stated:
 

 “ ‘ “Specific objections on motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court’s failure to act constitutes prejudicial error.... An objection without specifying a single ground, such as, T object’, ‘objection’, or Ve object’ is not sufficient to place the trial court in error for overruling the objection.”
 

 “
 
 ‘Lawrence v. State,
 
 409 So.2d 987, 989 (Ala.Crim.App.1982) (citation omitted). The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.
 
 Jennings v. State,
 
 588 So.2d 540, 541 (Ala.Crim.App.1991).’ ”
 

 Ex parte Parks,
 
 923 So.2d 330, 333 (Ala.2005) (holding that Parks preserved his argument despite the statement of other specific grounds because his discussion in his argument “ ‘was more than adequate to preserve the issue Parks presented on appeal.’ ” 923 So.2d at 332). See also
 
 Ex parte Abrams,
 
 3 So.3d 819 (Ala.2008) (holding that Abrams’s argument that there was insufficient evidence to revoke his probation based on his drug use was preserved although it was never “raised as a specific ‘objection’ or ... expressly rule[d] on” because the trial court was clearly aware of the basis of the argument and to hold otherwise “would be to elevate form over substance.” 3 So.3d at 822-23). “[T]his Court has consistently reviewed issues, though in the technical sense not preserved by a proper objection at trial, where ‘[i]t is clear that the trial court understood the basis for the objection.’ ”
 
 Toles v. State,
 
 854 So.2d 1171, 1174 (Ala.Crim.App.2002), quoting
 
 Covington v. State,
 
 620 So.2d 122, 127 (Ala.Crim.App.1993) (citing
 
 Ex parte McCall,
 
 594 So.2d 628, 631 (Ala.1991);
 
 Ex parte Pettway,
 
 594 So.2d 1196, 1200 (Ala.1991);
 
 Felder v. State,
 
 593 So.2d 121, 122-23 (Ala.Crim.App.1991); and
 
 Marshall v. State,
 
 570 So.2d 832, 834 (Ala.Crim.App.1990)).
 

 In the present case, the trial court was clearly aware of the grounds of the State’s objections to the dismissal of the indictment because the grounds were those stated by the trial court. The State was arguing that the indictment should not be dismissed for the reasons given by the trial judge. This is not a situation concerning an objection to the admissibility of evidence “where the judge is left to speculate as to the position of a party and the party’s grounds for concern.”
 
 Ex parte Abrams,
 
 3 So.3d at 823. Moreover the State argues in brief only the issues argued before and, more specifically, by the trial court. See
 
 Ex parte Parks,
 
 923 So.2d at 335 (“This is the substance of his [Parks’s] argument on appeal. We therefore conclude that Parks did preserve his argument for appellate review .... ”). Cf.
 
 Ex parte Coulliette,
 
 857 So.2d 793, 795 (Ala.2003) (“ ‘The motion [to suppress] did not give the trial court notice of the specific issues [Coulliette] ... raise[d] in his brief to [the Court of Criminal Appeals].
 
 *490
 
 Therefore, the trial court did not have the opportunity to rectify these alleged errors .... [Coulliette’s] motion was not sufficient to preserve the issues presented by him in his brief.’ ” (quoting
 
 Ex parte Works,
 
 640 So.2d 1056, 1058 (Ala.1994))).
 

 Moreover, by analogy, just as a general objection is sufficient to preserve the admissibility of evidence where that evidence is patently inadmissible or illegal for any purpose,
 
 Ex parte Satterwhite,
 
 364 So.2d 359, 360 (Ala.1978), because there were no proper grounds to justify the dismissal of this indictment in this case, a general objection to the dismissal was sufficient to preserve this matter.
 

 “In Alabama, ‘ “[a]n indictment is sufficient if it substantially follows the language of the statute violated, provided the statute prescribes with definitiveness the elements of the offense.” ’ ”
 

 Vaughn v. State,
 
 880 So.2d 1178, 1193, (Ala.Crim.App.2003), quoting
 
 Travis v. State,
 
 776 So.2d 819, 836 (Ala.Crim.App.1997), aff'd, 776 So.2d 874 (Ala.2000), quoting in turn
 
 Breckenridge v. State,
 
 628 So.2d 1012, 1015-16 (Ala.Crim.App.1993). In this case, the indictment tracked the language of § 13A-8-194, Ala.Code 1975, and was sufficient to place Toole on notice of the nature and cause of the charge against her.
 

 This Court in
 
 Hyshaw v. State,
 
 893 So.2d 1239, 1242 (Ala.Crim.App.2003), held:
 

 “The plain language of this statute clearly provides that a person may be prosecuted for using a false identity to obstruct justice when:
 

 “1) he or she uses the identification documents or identifying information of another person or a fictitious person, and
 

 “2) he or she does so to avoid summons, arrest, or prosecution or to impede a criminal investigation.
 

 “Therefore, the statute adequately puts ordinary people on notice of the conduct that is prohibited. Further, because § 13A-8-194, Ala.Code 1975, applies only to actions that are done for the purpose of avoiding summons, arrest, or prosecution or to impede a criminal investigation, it does not criminalize innocent behavior. Accordingly, § 13A-8-194, Ala.Code 1975, is not unconstitutionally vague.”
 

 In the present case, Toole faced an outstanding warrant for Medicaid fraud, and she produced identification containing false Social Security numbers and an incorrect date of birth. Because Toole was sufficiently notified of the charge against her and because § 13A-8-194, Ala.Code 1975, is not unconstitutionally vague, the circuit court’s dismissal of the indictment must be reversed and this cause remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., concurs.
 

 WELCH, WINDOM, and KELLUM, JJ., concur in the result.
 

 [1]
 

 . Toole entered a guilty plea to Medicaid fraud at the September 4, 2008, hearing.