McMILLAN, Presiding Judge.
The appellant, B.W., appeals from the trial court’s denial of his petition for a writ of habeas corpus.
In June 1997, B.W. was adjudicated delinquent for having committed the offense of murder. He was committed to the Department of Youth Services (“DYS”) until his twenty-first birthday. He did not appeal from the adjudication of delinquency and the sentence. In March 1999, B.W. filed a petition for examination and review. In April 1999, B.W. filed a motion to alter, amend, or vacate the order of commitment. In October 1999, he filed a motion for reconsideration of his sentence. The trial court denied all of these motions.
In April 2000, B.W. filed a petition for a writ of habeas corpus, alleging that he was due to be released because DYS had not complied with the requirements of § 44-l-36(g), Ala.Code 1975, requiring it to request an extension of the trial court’s original commitment order before the expiration of two years from the date of the original order.
In its order denying the petition, the circuit court stated:
“This cause came before the Court on 27th day of June 2000 on the Juvenile’s Petition for Writ of Habeas Corpus. The following persons were present: [B.W.], his parents, their attorney, Honorable Robert D. Drummond, Jr., the Honorable William J. Samford, II, counsel for the Alabama Department of Youth Services, and the Honorable Christina Kilgore, Assistant District Attorney for Calhoun County.
“B.W. was committed to the Department of Youth Services on June 11, 1997, after having been adjudicated delinquent for the offense of murder. The commitment to the Department of Youth Services was a determinate sentence until his 21st birthday. B.W. was fifteen (15) years old at the time. This Order was not appealed.
“B.W. now asserts that he is being illegally detained by the Department of Youth Services and asserts as grounds § 44-l-36(g), Code of Alabama, which states:
“ ‘(g) In the event that a youth has not been discharged prior to the expiration of two years from the date of the entry of the original commitment order, the department must request either:
“ ‘(1) The termination of the commitment order and the issuance of such other orders respecting the legal custody and continued supervision of the youth as may be warrant under the circumstances, or
“ ‘(2) The extension of the original order for a further specifically limited period of time, on the grounds that such extension is necessary for the welfare of the youth or for the public interest, such extension not to exceed the date upon which the youth will reach the age of 21 years.
*818 “ ‘There must be a hearing at which the youth and his or her parent, guardian or counsel are present. The committing court shall have jurisdiction until the youth reaches his twenty-first birthday to issue an extension of its original commitment order. If the department does not act as prescribed in this subsection, custody awarded by the commitment order is terminated, and such order as regards such youth has no further force and effect after the expiration of two years.’
“It is undisputed that the Department of Youth Services did not make such a request prior to the expiration of two (2) years and that they continue to hold custody of B.W. pursuant to this Court’s Order of Commitment until his 21st birthday.
“B.W. now asserts that based on said statute, his commitment order was terminated on June 11, 2000 and that he should be immediately released.
“The Alabama Department of Youth Services and the State of Alabama, asserts that the Court’s Order of a determinate sentence for more than two (2) years obviates the requirements of § 44H-36(g), Code of Alabama, and that to request that which is already ordered would be redundant.
“There are three (3) types of commitments to the Department of Youth Services:
“(1) Non-determinate Sentence;
“(2) Serious Juvenile Offender;
“(3) Determinate Sentence.
“It is this Court’s opinion that the requirement of § 44-1-36, Code of Alabama, is directed at the non-determinate sentence in order to prevent a youth from languishing in a non-rehabilitative environment or simply being lost in the system. The requirements of this section are not to be used as a means to avoid a determinate sentence or to require the Department of Youth Services to do something it is already ordered to do, i.e., keep the youth for a specified period of time. This does not however, prevent the Department of Youth Services or the youth, from requesting the court to review and possibly amend an order, which was done in this case by the Department of Youth Services and B.W. That request was denied without a hearing by this Court, from which no appeal was taken.
“B.W. raised the same issues in a Petition for Writ of Mandamus against the Director of the Alabama Department of Youth Services in Circuit Court of Montgomery County. That Petition was dismissed according to B.W.’s counsel for lack of jurisdiction, not on the merits, and from which an appeal is pending.
“It is therefore this Court’s opinion that the requirements of § 44 — 1—36(g), Code of Alabama, do not apply when the commitment is for a determinate sentence in excess of two (2) years.
“It is hereby ORDERED, ADJUDGED and DECREED, as follows:
“A. The Petition for Writ of Habeas Corpus of B.W. is denied.
“B. The Clerk is directed to mail a copy to the parties and/or attorneys of record....”
In Ex parte R.E.C., 678 So.2d 1041, 1045 (Ala.1995), the Alabama Supreme Court, in deciding whether the juvenile court had acted outside its jurisdiction in having imposed a determinate sentence for a juvenile not considered a “serious juvenile offender,” held that:
“an order of commitment for a definite period does not offend the [Juvenile Justice Act], even though the juvenile has not been adjudicated a serious juvenile *819 offender, provided that the order is accompanied by specific findings of fact and a reasoned analysis as to how the determinate period is calculated to benefit the juvenile or to further his or her rehabilitation; and provided, further, that the court’s intent to incorporate its order into the Plan plainly appears in the order.”
Here, the trial court’s order of commitment for a definite period did not offend the Juvenile Justice Act, even though B.W. had not been adjudicated a “serious juvenile offender,” because the order was accompanied by the trial court’s original order finding that B.W.’s case was one in which the first priority was the protection of the community, and secondarily was providing rehabilitative services. The court’s order stated that, for the commitment to benefit B.W., he should:
“(a) complete and receive his high school diploma, not GED;
“(b) receive counseling to address anger control and other issues, which a psychological examination should indicate;
“(c) receive technical skills training; and,
“(d) remain in a secure facility.”
Because a reading of the trial court’s order reveals that it intended to incorporate its order into the plan, no error occurred in its denial of the writ of habeas corpus. Therefore, the juvenile’s determinate sentence, and the trial court’s order, which complied with the requirements of Ex parte R.E.C., supra, obviated the need for a review within two years from the original date of the order to address the legal custody and continued supervision of the juvenile.
It need be noted that the juvenile can, however, petition the juvenile court to amend its commitment order, if the circumstances so warrant. The record in the case indicates that B.W. did, in fact, file several petitions requesting the trial court to review and amend his petition. As stated earlier, those petitions were denied.
The judgment of the trial court is affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.