BASCHAB, Presiding Judge.
The appellant, T.C., was adjudicated delinquent based on underlying charges of unlawfully breaking and entering a vehicle, a violation of § 13A-8-ll(b), Ala.Code 1975, and carrying a pistol without a license, a violation of § 13A-11-73, Ala. Code 1975. The juvenile court committed him to the Department of Youth Services (“DYS”) for a term of one year. The appellant filed a “Motion to Reconsider, Amend, Alter or Vacate Order,” which the juvenile court summarily denied. This appeal followed.
The appellant argues that the juvenile court erroneously committed him to DYS for a determinate period of one year “without any findings of fact or reasoned analysis as to how that duration is intended to benefit [him], or statement of intent that the order be incorporated into DYS’s service plan.” (Appellant’s brief at p. 8.) In Ex parte R.E.C., 678 So.2d 1041, 1045 (Ala.1996), the Alabama Supreme Court addressed the issue of determinate commitments in juvenile cases as follows:
“[A]n order of commitment for a definite period does not offend the Act, even though the juvenile has not been adjudicated a serious juvenile offender, provided that the order is accompanied by specific findings of fact and a reasoned analysis as to how the determinate period is calculated to benefit the juvenile or to further his or her rehabilitation; and provided, further, that the court’s intent to incorporate its order into the Plan plainly appears in the order.
“It is undisputed, however, that these procedures were not followed in this case. Here, the ‘order’ contains no factual findings and no rationale or conclusions relating to how the specific commitment period would benefit R.E.C. or further his rehabilitation. Certainly, the order was not intended to become part of R.E.C.’s Plan, and, in fact, it contained nothing that would be of particular benefit to DYS. As to this case, therefore, the amici agree with R.E.C.— as do we — that the determinate commitment imposed was outside the juvenile court’s statutory authority.”
In its order committing the appellant to DYS, the juvenile court stated:
“Custody is removed from parent/guardian and placed with Alabama Department of Youth Services (DYS) for a period of one year. Said commitment *1183 is necessary for child’s, rehabilitation. Restitution is reserved.
“PO shall maintain regular contact. DYS shall provide monthly reports to the Court. Court finds that due to child having received services since the age of 13 years and the seriousness of the offense, one year commitment is appropriate.
“Court recommends mental health treatment and vocational training.”
(C.R. 21, 51.)
In its order in this case, the juvenile court did not include specific findings of fact and did not include a reasoned analysis as to how the determinate period was calculated to benefit the appellant or to further his rehabilitation. It also did not plainly evidence its intent to incorporate its order into DYS’s service plan.[1] For these reasons the determinate commitment the juvenile court imposed was outside of the juvenile court’s statutory authority. Accordingly, we remand this case with instructions that that court set aside its commitment order and resentence the appellant in accordance with the supreme court’s decision in R.E.C., supra. The juvenile court shall take all necessary action to see that the juvenile clerk makes due return to this court at the earliest possible time and within 28 days after the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.-

. We also note that DYS filed a "Motion for Modification of Commitment Order” in which it argued that the appellant’s determinate period of commitment violated R.E.C.

 Note from the reporter of decisions: On February 15, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.