BURKE, Judge..
Q.S. Was adjudicated delinquent for possessing a pistol without a permit. He was committed to the Department of Youth Services (“DYS”) for six months. The parties entered a joint stipulation, pursuant to Rule 28(A)(1)(b), Ala. R. Juv. P., that no recording could be found of the trial and dispositional hearing after his pleading. The stipulation continued: “Therefore, the State and the Child stipulate that the only question in dispute and presented on appeal is a question of law, specifically, whether the juvenile court’s order committing the Child to the Department of Youth Services for the determinate period of six months satisfies the formal requirements set forth in Ex parte R.E.C., 678 So.2d 1041, 1045 (Ala.1995).” (C. 25.)
The juvenile court’s order stated, in pertinent part:
*711 “Present: > Sarah Beth Ritchie, District Attorney; Michael Nissenbaum, representing the child; Probation Officer Damian Hillary; the child and the child’s mother. Child pleads true. Charge found true. Youth found delinquent. Custody is removed from parent/guardian and placed with Alabama Department of Youth Services (DYS) for a period of 6 months. This Court finds the following facts to be true. That this child has been adjudicated delinquent on Burglary 3, Robbery 1, and 2 TOP 1, offenses: Child has been to Autauga Hit Program and commitment to DYS. Child’s custodian [M.P.], has absolutely no control of this child. This Court is of the opinion that a defined sentence of 6 months is warranted, not only for the rehabilitation efforts of DYS, but for public safety.' This child is a threat to the public. Restitution is reserved.
“DYS is authorized to exercise the powers listed in § 44-1-33, Code of Alabama, as amended. DYS is authorized to place child in greater or lesser restrictive environment according to its rehabilitation program. DYS is authorized and directed to obtain such physical testing and to obtain the results thereof as it deems advisable. DYS,is authorized and directed to implement procedures for identifying, evaluating, and determining the eligibility of students in need of special education and related services as specified in Alabama Administrative Code, Chapter 290-080-090, Special Programs 1.
• “• DYS to provide P.O. and Attorney with update on child’s progress every 30 days.
“• Attorney to provide the Court with child’s progress/status after six months.
“•DYS to ensure child receives educational placement and/or assistance.
“•Child is to be transported to his doctor’s appointment by the staff at GRBYDC. Child’s appointment is scheduled for 12/19/14 at 11:00 am.
“• Child is scheduled to see Dr. Soong at Pediatric East at: 520 Simmons Drive, Trussville, AL 35173.
“• Child is to be transported back to GRBYDC upon completion of his appointment.”
(C. 11.)
Thereafter, Q.S. filed a motion to alter or amend the juvenile court’s order, arguing that the order was insufficient to satisfy the requirement in Ex parte R.E.C., 678 So.2d 1041 (Ala.1995). Specifically, he alleged that the order did not contain findings of fact or an analysis of how the determinate period of six months was calculated to benefit him or to further his rehabilitation, nor did it state the court’s intent to include its order in; the “Plan.”[1] (C. 13.) This motion was denied -by operation of law.
Ón appeal, Q.S. argues that the juvenile court’s order committing him to DYS for the determinate period of six months failed to satisfy the formal requirements set forth in Ex parte R.E.C., supra. Because this raises a question of law, the review is de novo. Ex parte Harrison, 61 So.3d 986, 989-90 (Ala.2010).
“In Ex parte R.E.C., 678 So.2d 1041, 1045 (Ala.1995), the Alabama Supreme Court, in deciding whether the juvenile court had acted outside its jurisdiction in haying imposed a determinate sentence for a juvenile not considered a ‘serious juvenile offender,’ held that: '
“ ‘an order of commitment for a definite period does not offend the [Juve *712 nile Justice Act], even though the juvenile has not been adjudicated a serious juvenile offender, provided that the order is accompanied by-specific findings of fact and a reasoned analysis as to how the determinate period is calculated to benefit the juvenile or to further his or her rehabilitation; and provided, further, that the court’s intent to incorporate its order into the Plan plainly appears in the order.’ ”
B.W. v. State, 834 So.2d 816, 818-19 (Ala.Crim.App.2001).
In T.L.S. v. State, 153 So.3d 829 (Ala.Crim.App.2013), this Court addressed this issue when considering the sufficiency of a similar order by the juvenile court as to a determinate-period commitment of a juvenile who was not a serious juvenile offender. This Court stated:
“In T.C. v. State, 989 So.2d 1181, 1182 (Ala.Crim.App.2007), the appellant was adjudicated delinquent and was committed to the custody of DYS for a period of one year ‘based on underlying charges of unlawfully breaking and entering a vehicle, a violation of § 13A-8-ll(b), Ala.Code 1975, and carrying a pistol without a license, a violation of § 13A-11-73, Ala. Code 1975.’ Neither of those adjudications would have qualified the appellant as a serious juvenile offender under § 12-15-219(a), Ala.Code 1975. However, this Court ultimately affirmed the juvenile court’s sentence.
“We initially remanded the case in T.C. because the order committing the appellant to DYS did not comply with the requirements set out in R.E.C. In T.C., the juvenile court’s order stated:
‘““Custody is removed from parent/guardian and placed with Alabama Department of Youth Services (DYS) for a period of one year. Said commitment is necessary for child’s rehabilitation. Restitution is reserved.
“‘“[Parole Officer] shall maintain regular contact. DYS shall provide monthly reports to the Court. Court finds that due to child having received services since the age of 13 years and the seriousness of the offense, one year commitment is appropriate.
“ ‘ “Court recommends mental health treatment and vocational training.” ’
“989 So.2d at 1182-83. This Court held that ‘the juvenile court did not include specific findings of fact and did not include a reasoned analysis as to how the determinate period was calculated to benefit the appellant or to further his rehabilitation. It also did not plainly evidence its intent to incorporate its order into DYS’s service plan.’ Id. at 1183. T.L.S. argues that the order committing him to DYS is similarly deficient. We agree.
“The order in the present case states:
“‘Custody is removed from parent/guardian and placed with Alabama Department of Youth Services (DYS) for one (1) year as he has been found to be unamenable to treatment. DYS is authorized to exercise the powers listed in § 44-1-33, Code of Alabama, as amended.
“ ‘DYS is authorized to place child in greater or lesser restrictive environment according to its rehabilitation program. DYS is authorized and directed to obtain such physical testing and to obtain the results thereof as it deems advisable. DYS is authorized and directed to implement procedures for identifying, evaluating, and determining the eligibility of students in need of special education and related services as specified in Alabama Ad *713 ministrative Code, Chapter -290-080-090, Special Programs I.
“‘After arguments and the taking of testimony, the Court finds that the child is unamenable to treatment.
“ “• DYS to provide [Parole Officer] and Attorney with update on child’s progress every 30 days.
“ '• Attorney to provide the Court with child’s progress/status after six months.
DYS to ensure child receives educational placement and/or assistance.’
“(C. 47.) Like the order in T.C., the order in the present case did not include ‘specific findings of fact’ nor did it ‘include a reasoned analysis as to how the determinate period was calculated to benefit the appellant or to .further his rehabilitation.’ 989 So.2d at 1183. The "juvenile court also failed to ‘plainly evidence its intent to incorporate its order into DYS’s service plan.’' Id. Although the juvenile court made some findings of fact on the record at the commitment hearing (S.R.4-5), none of those findings were included in the order.”
153 So.3d at 839-40 (footnote omitted.)
Other than providing for a doctor’s appointment, the orders in T.L.S. and the present case make the same provisions for the juvenile’s commitment without making specific findings of fact or containing reasoned analysis of how the six-month period was calculated to benefit Q.S. or his rehabilitation. Therefore, this case is due to be remanded - for the juvenile court to set aside its order of commitment and to re-sentence Q.S. pursuant to the requisites set forth in Ex parte R.E.C., supra. Due return should be made to this Court within 35 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS, 
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. Q.S. refers to DYS’s service plan.