WELCH, Judge.
T.D.B. was adjudicated delinquent based on an underlying charge of carrying a pistol without a license, a violation of § 13A-11-73, Ala.Code 1975. The juvenile court committed T.D..B. to the Department of Youth Services (“DYS”) for a term of six months by the following order.
“Present: Jim Neill, District Attorney; Michael Nissenbaum, representing the child; Probation Officer Damian Hillary; the child and the child’s mother. Child pleads true. Charge found true. Youth found delinquent. Custody is removed from parent/guardian and placed with Alabama Department of Youth Services (DYS) for a period of 6 months. This Court finds the following facts to be true: That this child has been adjudicated delinquent on Burglary 3, Top 1, VSFA, DC. Child has been to Autauga Hit Program. This Court is of the opinion that a defined sentence of 6 months is warranted, not only for the rehabilitation efforts of DYS, but for public safety. This child is a threat to the public. Restitution is reserved.
“DYS is authorized to exercise the powers listed in § 44-Í-33, Code of Alabama, as amended. DYS is authorized to place child in greater or lesser restrictive environment according to its rehabilitation program. DYS is authorized and directed to obtain such physical testing and to obtain the results thereof as it deems advisable. DYS is authorized and directed to implement procedures for identifying, evaluating, and determining the eligibility of students in need of special education and related services as specified In Alabama Administrative Code, Chapter 290-080-090, Special Programs I.
“• DYS to provide P.O. and Attorney with update on child’s progress every 30 days.
“• Attorney to provide the Court with child’s progress/status after six months.-
“•DYS to ensure child receives educational placement and/or assistance.
“Pending transfer to DYS, child is directed to be detained at the G. Ross Bell Youth Detention Facility.
“Case is removed from the docket until Aftercare is filed.
“DONE AND ORDERED this the 18th day of December, 2014.”
(Capitalization in original.)(C. 18.)
T.D.B. filed a “Motion to Alter, Amend, or Vacate,” which the juvenile court denied. (C. 19-20.) T.D.B. filed a notice of appeal, and the parties entered a joint stipulation, pursuant to Rule 28(A)(1)(b), Ala. R. Juv. P., asserting that no recording of the December 18, 2014, postjudgment-motion hearing can be found, and,
“[tjherefore, the State and the Child stipulate that the only question in dispute and presented on appeal is a question of law, specifically, whether the juvenile court’s order committing the Child to the Department of Youth' Services for the determinate period of six months satisfies the formal requirements set forth in Ex parte R.E.C., 678 So.2d 1041, 1045 (Ala.1995).”
(C. 29.)
T.D.B. contends on appeal, as he did in his motion to amend, that the juvenile court’s order committing him to DYS for the determinate period of six months failed to satisfy the requirements set forth in Ex parte R.E.C., 678 So.2d 1041, 1045 (Ala. *316 1995). The State responded on appeal asserting that based on the authority of R.E.C., T.D.B.’s case should be remanded to the juvenile court and that court directed to reconsider its order in light of R.E.C., and cases interpreting R.E.C.
The question presented in this case is a question of law, and “[t]his Court reviews pure questions of law in criminal cases de novo.” Ex parte Abrams, 3 So.3d 819, 821 (Ala.2008).
“In Ex parte R.E.C., 678 So.2d 1041, 1045 (Ala. (199[5]), the Alabama Supreme Court addressed the issue of determinate commitments in juvenile cases as follows:
“ ‘[A]n order of commitment for a definite period does not offend the Act, even though the juvenile has not been adjudicated a serious juvenile offender, provided that the order is accompanied by specific findings of fact 'and a reasoned analysis as to how the determinate period is calculated to benefit the juvenile or to further his or her rehabilitation; and provided, further, that the court’s intent to incorporate its order into the Plan plainly appears in the order.
“Tt is undisputed, however, that these procedures were not followed in this case. Here, the “order” contains no factual findings and no rationale or conclusions relating to how'the specific commitment period would benefit R.E.C. or further his rehabilitation. Certainly, the order was not intended to become part of R.E.C.’s Plan, and, in fact, it contained nothing that would be of particular benefit to DYS. As to this case, therefore, the amici agree with R.E.C.—as do we—that the determinate commitment imposed was outside the juvenile court’s statutory authority.’ ”
T.C. v. State, 989 So.2d 1181, 1182 (Ala. Crim.App.2007); see similar holdings in Q.S. v. State, 188 So.3d 710 (Ala.Crim.App.2015), and T.L.S. v. State, 153 So.3d 829 (Ala.Crim.App.2013).
In its order committing T.D.B., the juvenile court stated:
“Custody is removed from parent/guardian and placed with Alabama Department of Youth Services (DYS) for a period of 6 months. This Court finds the following facts to be true: That this child has been adjudicated delinquent on Burglary 3, Top 1, YSFA, DC. Child has been to Autauga Hit Program. This Court is of the opinion that a defined sentence of 6 months is warranted, not only for the rehabilitation efforts of DYS, but for public safety. This child is a threat to the public. Restitution is reserved.”
(C. 18.)
As in T.C.,
“the juvenile court did not include specific findings of .fact and did not include a reasoned analysis as to how -the determinate period was calculated to benefit the appellant or to further his rehabilitation. . It also did not plainly evidence its intent to incorporate its order into DYS’s service plan.”
T.C. v. State, 989 So.2d at 1183.
Therefore, this case is due to be remanded for the juvenile court to set aside its order of commitment and t.o resentence T.D.B. pursuant to the requirements set forth in Ex parte R.E.C. Due return should be made to this Court within 42 days of the date of this opinion.
REMANDED ' WITH INSTRUCTIONS. 
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.